WESTERN ELECTRIC MANUF'G CO. *v.* CHICAGO ELECTRIC MANUF'G CO.

*(Circuit Court, N. D. Illinois.   December 26, 1882.)*

1. PATENTS FOR INVENTIONS—PATENTABLE INVENTION.

Where the proof shows that complainant's devices have been generally adopted, the fact that simultaneously a number of inventors had given their attention to the subject-matter covered by the devices, is evidence that something more was required than mere mechanical skill to accomplish the result obtained by complainant's patent.

2. SAME—COMBINATION—NEW RESULT.

Where the result produced by an aggregation of parts is the transmission of signals to a car when in motion, which had never been produced before the combination was adopted, and some of the parts in the combination performed a new function, the whole combination produces a new result.

3. SAME—INFRINGEMENT—DECREE.

Where there is no controversy on the question of infringement, complainant will be entitled to a decree and an accounting.

In Equity.

*G. P. Barton* and *J. M. Thacher*, for complainant.

*Merriam & Whipple*, for defendant.

BLODGETT, D. J.   This is a bill to enjoin infringement by defendant of patent No. 172,993, issued February 1, 1876, to Elisha Gray, (application for which was filed February 3, 1873,) for "an improvement in electric annunciators for elevators" and patent No. 148,474, issued March 10, 1874, to Augustus Hahl, (application for which was filed February 7, 1872,) for an "improvement in electric indicators for elevators;" both of which patents complainant claims to own, by assignment from the patentees, and no contest is made as to complainant's title.

Defendant denies the validity of these patents:

(1) For want of novelty.

(2) That the Gray patent was irregularly issued on an interference declared between the application of Gray and the patent of Hahl after the Hahl patent had been issued.

(3) That both patents, but especially that of Gray, are void for want of certainty in the description of the thing claimed to be invented.

(4) That each of said patents only shows an aggregation of parts which, in the combination, perform no new results.

The Gray patent showed two methods of connecting the annunciators in the elevator cab with the signal keys on the several floors and with the battery: one by means of a flexible cable of insulated wires, which was attached to the car with sufficient slack to allow the car to

pass up and down the elevator well,—this is called the *flexible cable method;* and the other by means of wires suspended upon or against the side or wall of the well, and with which wires projecting from the the car and connected with the annunciator were kept in contact as the car passed up and down the elevator well,—this latter is called *the sliding or friction contact method;* and the proof without dispute shows that Gray first conceived the idea of this device in the latter part of 1870, and between that time and March 1, 1871, he constructed and put in operation an electric annunciator in the elevator in the Palmer House in this city upon the sliding or friction contact method.    The Hahl patent also shows two methods of connecting the annunciators in the car with the signal keys and battery,—one by the flexible cable and the other by a friction contact device,—although the minor details of each are somewhat different from that of Gray's.

While the Hahl application was pending in the patent-office, interferences were declared between his device and pending applications for, substantially, the same thing by Edwin Holmes and James H. Corey, which resulted in a decision by the commissioner in favor of Hahl as the first inventor as against both Holmes and Corey, and the patent was issued to Hahl, dated March 10, 1874.    After the patent had been issued to Hahl an interference was declared between the applications of Gray which had been filed in February, 1873, and Hahl, and pending this interference, after proofs had been taken, concessions were made between Gray and Hahl by which Hahl admitted Gray to be the prior and first inventor of the device contained and claimed in the first claim of the Gray patent, and Gray conceded to Hahl priority of invention of the flexible-cable method of connecting the annunciator in the car with the signal keys and battery; the proof showing that although Gray may have conceived the idea of the flexible-cable method prior to Hahl, yet Hahl was the first to embody that idea in a working mechanism, as well as the first to apply for a patent thereon.

After these concessions, the Gray patent was issued with only one claim, as follows:

" The combination of a movable elevator car, an annunciator attached thereto and moving therewith, circuit closing or breaking signal keys on different floors, respectively, of a building, and mechanism whereby an electric current is maintained between the signal keys and the annunciator without interruption by the movement of the car."

Since the commencement of this suit, the complainant, as owner of the Hahl patent, has disclaimed so much of the Hahl patent as

claimed the sliding contact or friction method. These concessions and disclaimer left the Gray patent, covering only the general principle of connecting the annunciator in the moving car of an elevator with signal keys on the respective floors of the building and the battery by the means shown, but conceded priority of the flexible-cable method to Hahl.

The defense of want of novelty rests mainly on the patents of Holmes and Corey for similar devices, and the analogous devices of Foster, and the gas-tube by which gas is carried by means of a flexible tube to burners in an elevator car.

As to the Holmes and Corey patents it is sufficient to say that they were put in interference with the Hahl patent before the patent-office, and the commissioner, on proof, decided that the invention of Hahl was prior to that of either Holmes or Corey. This decision of the commissioner may not be so wholly conclusive upon all the world as to prevent the citation of the devices of Holmes and Corey as anticipating the Hahl patent, but no proof is introduced on this trial which was not before the commissioner on the interference, and it seems to me there can be no doubt that the decision of the commissioner was correct upon the testimony in the matter then before him, and that his award of priority to Hahl sufficiently disposes of the Holmes and Corey devices for the purposes of this case.

The Foster patents are for devices for transmitting signals by means of pneumatic tubes. Neither of them shows the application of the device to an annunciator in the car of an elevator while in motion; and even if they had shown such application of the Foster devices, I do not think a person could, without invention, from any hint or suggestion in the Foster devices, by mere mechanical skill adapt the system of electric calls used in Hahl's device to an elevator car. The same may be said of the flexible gas-pipe. Neither air working through a flexible pneumatic tube, nor gas passing through it for the purposes of illumination, are the electric fluid, and it required something more than was done either by Foster with his pneumatic tube, or whoever applied the gas-tube, to apply electricity to the operation of an annunciator in a car in motion. The proof shows that since the Hahl and Gray patents this device has been generally adopted for use in elevator cars, and its adoption, and the fact that almost simultaneously quite a number of inventors—two of them, at least, Gray and Holmes, well known to the public for valuable inventions in the field of electrical science—had given their attention to the subject-matter covered by the devices now before us, is evidence that it

required something more than mere mechanical skill to accomplish the result attained by this patent.

As to the second point, that this device shows only a mere aggregation of parts and produces no new result, it is sufficint to say the result produced is the transmission of signals to a car *when in motion,* which was new and had never been produced until this combination, and that some of the parts in this combination perform a new function, and the whole combination produces a new result.

As to the objection that the Gray patent was irregularly issued, it is, perhaps, not material to the purposes of this case to consider that point seriously, because the defendant in this case is shown by the proof to only use the flexible-cable method covered by the Hahl patent; but I have no doubt that under section 4904 of the Revised Statutes the commissioner of patents had the right to declare an interference between Gray's application and the Hahl patent, as the statute expressly gives him the power to declare an interference between "any pending application and any unexpired patent." So, too, it seems to me that both patents are sufficiently definite in their statements to describe and cover the inventions claimed.

There is no controversy in this case on the question of infringement. The proof shows that the defendants have used, and are using, the flexible-cable method shown and described in the Hahl patent. I can, therefore, see no reason why the complainant is not entitled to a decree and an accounting.