## WESTERN ELECTRIC CO. v. REEDY.

(Circuit Court, S. D. Ohio, W. D. February 25, 1895.)

### No. 4,540.

1. DEFAULT DECREES—MOTION TO VACATE—EQUITY JURISDICTION.

A suit in equity for infringement of a patent was commenced before the patent expired, and after its expiration a decree by default was entered for injunction and accounting. The testimony adduced before the master by complainant related entirely to a different patent, which concerned the same subject-matter, but which had expired before the suit was commenced. *Held*, that these facts did not show such want of equity jurisdiction as would compel the court to set aside the decree on motion.

2. SAME.

After a decree by default, respondent is debarred from setting up the defense of an adequate remedy at law; and, while the court may itself interpose it, there is no obligation to do so, and the matter rests in its discretion.

This was a suit in equity by the Western Electric Company against Henry J. Reedy for infringement of a patent. Defendant moved to set aside a decree by default.

Barton & Brown and R. de V. Carroll, for complainant.
Cobb & Howard and L. M. Hosea, for respondent.

SAGE, District Judge. The suit is upon patent No. 172,993, issued February 1, 1876, to the Western Electric Manufacturing Company, as assignee of Elisha Gray, the inventor, for improvements in electric annunciators for elevators. The defendant being in default, a decree pro confesso for the complainant was entered March 20, 1893, and on the 1st of May, 1893, the decree for an injunction and an account was entered. The defendant moves to set aside the default and dismiss the case for want of jurisdiction, on the ground that it appears from the testimony taken before the master that the averments of the bill are not true, and that the assumptions upon which the default was rendered were erroneous. Counsel urge that it is now apparent that by reason of the expiration of the Hahl patent (owned by the complainant, dated March 10, 1874, and being for an improvement in electric indicators for elevators) before this suit was begun there was no infringement whatever by the defendant. These, it is said, are jurisdictional facts, which appear in the testimony presented before the master by the complainant in his own behalf, and bear upon the averments of infringement made by the bill. The testimony before the master does not show that the defendant put any annunciators in elevators, excepting flexible cable annunciators. That "flexible cable" annunciators are covered by the Hahl patent was held in Western Electric Manuf'g Co. v. Chicago Electric Manuf'g Co., 14 Fed. 691.

Counsel insist that if the decision of this court in a former case between these parties, affirmed by the United States supreme court (140 U. S. 704, 11 Sup. Ct. 1031), is law for this case, the court has no option but to dismiss. That suit was upon the Hahl patent and the Gray patent. The Hahl patent expired March 10, 1891. The Gray patent expired February 1, 1893. The bill in this case was filed May 31, 1892. Being founded on the Gray patent, and commenced nearly a year before its expiration, it was properly brought, and the jurisdiction continued, for the purpose of an account, after the expiration of the patent. See cases cited under section 1093, Rob. Pat. Upon the hearing before the master the only testimony offered on behalf of the complainant is of the apparatus covered by the Hahl patent. I do not think that upon this state of fact the court should set aside the default, and dismiss the case; or, in other words, that the testimony referred to should be used to negative the findings of the decree upon default. The result of the testimony may be to make the final decree in favor of the plaintiff for a nominal amount only. To state the proposition in other words, the fact that the only proof made for the complainant is of the use by the defendant of a device or apparatus set free to the public by the expiration of the Hahl patent should not, in the present condition of the case, be used to override the decree that the defendant is an infringer. It may establish that there is a failure of proof upon the proceeding before the master for an account. If these facts had appeared upon hearing, as in the former case between these parties, the result would have been a dismissal of the bill. It is further urged that it now appears that the complainant has a full, complete, and adequate remedy at law. The general rule is that the objection that the complainant has a complete and adequate remedy at law should be taken at the earliest opportunity, and, if not so taken, the court having the general jurisdiction will exercise it. Reynes v. Dumont, 130 U. S. 395, 9 Sup. Ct. 486; Kilbourn v. Sunderland, 130 U. S. 514, 9 Sup. Ct. 594. But if the court, upon looking at the proofs, should find none of the matters which would make a proper case for equity, it would be the duty of the court to recognize the fact, and give it effect, though not raised by the pleadings nor suggested by counsel. Lewis v. Cocks, 23 Wall. 466; Oelricks v. Spain, 15 Wall. 211. The defendant is barred by delay, but even then the court may, of its own motion, upon proper occasion, make and sustain the objection. Whether the court shall do so is discretionary, not imperative. Brown v. Iron Co., 134 U. S. 530, 10 Sup. Ct. 604. Where there has been a decree by default, the court is under no obligation to interpose. Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127. In that case the court said, at page 380, 150 U. S., and page 127, 14 Sup. Ct.:

"Given a suit in which there is jurisdiction of the parties, in a matter within the general scope of the jurisdiction of courts of equity, and a decree rendered will be binding, although it may be apparent that defenses existed which, if presented, would have resulted in a decree of dismissal."

This was said with reference to the objection that the remedy at law was complete. The motion will be overruled.