# BROWN v. LAKE SUPERIOR IRON COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 227. Argued and submitted March 24, 1890. — Decided April 7, 1890.

An insolvent corporation, with large properties scattered in different States, having, for the purpose of keeping those properties together as a whole, assented to the filing of a creditors' bill by three creditors, (the debts of two of them not having matured and no execution having been issued on that of the third,) and having assented to the appointment of a receiver under that bill, and having for nine months lain inactive while the receiver was managing the property and assuming liabilities in reducing it to possession, cannot at the expiration of that time, when the great majority of its creditors have become parties to the suit, and its property is about to be ratably distributed by the court among all its creditors,

interpose the objection of want of jurisdiction on the ground that a court of equity could not obtain jurisdiction when the plaintiff's creditors had plain, adequate and complete remedies at the common law, or that their debts had not been converted into judgments, or that no execution had issued and been returned *nulla bona* — whatever weight might have been given to those defences if interposed in the first instance.

The maxim that "he who seeks equity must do equity" is applicable to the defendant as well as to the complainant.

Good faith and early assertion of rights are as essential on the part of a defendant in equity as they are on the part of the complainant.

IN EQUITY. The case is stated in the opinion.

*Mr. Henry Crawford,* for appellant, submitted on his brief.

*Mr. Francis J. Wing* and *Mr. C. C. Baldwin* for appellees. *Mr. Samuel Shellabarger, Mr. J. M. Wilson* and *Mr. C. D. Hine* were also on the brief with *Mr. Baldwin.*

MR. JUSTICE BREWER delivered the opinion of the court.

On February 20, 1883, two of the appellees, the Lake Superior Iron Company and the Jackson Iron Company, together with the Negaunee Concentrating Company, filed their bill against the appellant, in the Circuit Court of the United States for the Northern District of Ohio. The appellant was a corporation, created under the laws of the State of Ohio, and each of the complainants was a creditor; two holding claims evidenced by notes not then due, and the other, the Negaunee Concentrating Company, holding a judgment. The prayer of the bill was for the appointment of a receiver to take charge of the property and assets of the defendant, and for such other and further relief as was proper. On the same day the defendant entered its appearance, and accepted service of notice of a motion for the appointment of a receiver; and Fayette Brown was thereupon, immediately, appointed receiver. On the next day subpœna was served on the defendant. On March 28 a supplemental bill was filed making other parties defendants, and on June 14 an order *pro confesso* was entered against all of the defendants in the original and supplemental bills. On April 23 an order was

entered directing all creditors to file their claims by petition, and on October 20 nearly every creditor had appeared and filed his petition. On July 17 an order was entered appointing a special master to report on the claims of creditors and marshal the liens thereof.

Up to the 23d of November, the appellant made no opposition to the proceeding, and apparently assented to the action which was being taken by the creditors, looking to the appropriation of its property to the payment of their claims. On that day a change took place in its attitude towards this suit. It went into the state courts and confessed judgment in behalf of several of its creditors; and on the 24th deposited in the registry of the Circuit Court money enough to pay off the judgment in favor of the Concentrating Company, and filed two pleas — one setting forth the fact of payment, and the other that the original and supplemental bills disclosed that the complainants had a plain, adequate and complete remedy at law; and that therefore the court, sitting as a court of equity, had no jurisdiction; and praying a dismissal of the bills. Subsequently, on December 18, it filed a motion to discharge the receiver. This motion was overruled, the pleas seem to have been ignored, the master reported upon the claims presented, and on February 23, 1886, the court entered a decree which, finding the indebtedness to be as stated by the master, also what property was in possession of the receiver, decreed that upon default in the payment of those debts the property be sold in satisfaction thereof. From this decree the defendant has brought this appeal; and its principal contention is, that the Circuit Court had no jurisdiction whatever over the subject matter of the suit, because it appeared upon the face of the bills, original and supplemental, that the complainants had a plain, adequate and complete remedy at law.

As heretofore stated the bill showed that two of the complainants held claims not yet due, and the third only a judgment with no execution The supplemental bill alleged that execution had, since the filing of the original bill, been issued on that judgment, and returned *nulla bona*. The original

bill, besides disclosing the nature of complainants' claims, set forth that they were proceeding not alone in their own behalf, but in that of all other creditors, whose number was so great as to make it impossible to join them as parties; it then averred the insolvency of the defendant; that it was engaged in large and various business, manufacturing and mining; that its plant and good will were of great extent and value; and that it employed operatives to the number of at least four thousand; and then alleged as follows: " And your orators further say that vexatious litigation has been commenced against the said defendant, and many more such are threatened, and that such litigations are accompanied by attachments and seizures of property, and such threatened litigations will also be accompanied by attachments and seizures, and that such attachments and seizures will give to those creditors who are pursuing them undue and unfair advantage and priority over your complainants, whose claims are not yet due, and make them irreparable injury and damage; that if such litigations be further instituted and its property seized in attachment, as it already has been, there is great danger that the valuable property of the defendant will be irreparably injured and to a great extent destroyed, and your orators say that such seizures and interference with the business and the property of the defendant would wholly destroy the value of the good will of the company as an asset, and wholly break up its long-established business, and thereby cause detriment and irreparable injury to your orators and all other creditors. And your orators further say that unless this court shall interfere and protect and preserve the property and assets of said defendant by putting it into the hands of a receiver, the said property will be in great danger of destruction and dissipation by the large number of operatives who would necessarily be discharged and left without work or means of obtaining it, and such operatives, by reason of the great distrust they already have and on account of a fear that they will not in future receive remuneration, will abandon their employment and thereby cause a stoppage of the extensive business of said defendant, to the extent that the creditors of said defendant

would not be able to realize one-half of the amount upon the several claims that they would if the said business of the defendant were continued."

· The appellees, while admitting the general rule to be that creditors must show that they have exhausted legal remedies before coming into a court of equity, insist that the bill disclosed a case in equity on two grounds: First, that upon the insolvency of a corporation its properties become a trust fund for the benefit of its creditors, which can be seized and disposed of by a receiver, and in equitable proceedings; and, second, that the vast interests and properties of this corporation, with their threatened disintegration through several attachment suits, justified the interference of a court of equity to preserve, for the benefit of creditors, that large value which resulted from the unity of the properties. In support of these propositions counsel cite as especially applicable, *Terry* v. *Anderson*, 95 U. S. 628 ; *Union Trust Co.* v. *Illinois Midland Railway*, 117 U. S. 434 ; *Sage* v. *Memphis &c. Railroad*, 125 U. S. 361 ; *Mellen* v. *Moline Iron Works*, 131 U. S. 352 ; *Barbour* v. *Exchange Bank*, 45 Ohio State, 133 ; *Rouse, Trustee*, v. *Bank*, 46 Ohio State, 493.

But were it conceded that the bill was defective; that a demurrer must have been sustained ; and that the appellant, if it had so chosen to act in the first instance, could have defended its possession, and defeated the action, still the decree of the Circuit Court must be sustained. Whatever rights of objection and defence the appellant had, it lost by inaction and acquiescence. Obviously the proceedings had were with its consent. Immediately on filing the bill it entered its appearance ; and the same day a receiver was appointed, without objection on its part. It suffered the bills to be taken *pro confesso*. It permitted the receiver to go on in the possession of these properties for nine months, transacting large business, entering into many contracts and assuming large obligations, without any intimation of a lack of authority, or any objection to the proceedings. After a lapse of nine months, suddenly its policy changed — it contested where theretofore it had acquiesced. And this, not because of any restored solvency

or purpose to resume business, but with the evident intent to prevent the equality among creditors which the existing equitable proceedings would secure, and to give preference to certain creditors. For clearly it was the thought of the president of the corporation, himself the owner of a large majority of its stock, whose management had wrought its financial ruin, that after the setting aside of the equitable proceedings the lien of the confessed judgments would attach, and thus those favored creditors would be preferred.

So the case stands in this attitude. The corporation was insolvent. Its extensive and scattered properties had been brought into single ownership, and so operated together that large benefit resulted in preserving the unity of ownership and operation. Disintegration was threatened through separate attacks, by different creditors, on scattered properties. The preservation of this unity, with its consequent value, and the appropriation of the properties for the benefit of all the creditors equally, were matters deserving large consideration in any proper suit. Certain creditors, acting for all, initiated proceedings looking towards this end. In such proceedings the corporation acquiesced. Substantially all of the creditors came into the proceedings. After months had passed, much business had been transacted and large responsibilities assumed, the corporation, for the benefit of a few creditors and to destroy the equality between all, comes in with the technical objection that the creditors initiating the proceedings should have taken one step more at law before coming into equity. But the maxim, "He who seeks equity must do equity," is as appropriate to the conduct of the defendant as to that of the complainant; and it would be strange if a debtor, to destroy equality and accomplish partiality, could ignore its long acquiescence and plead an unsubstantial technicality to overthrow protracted, extensive and costly proceedings carried on in reliance upon its consent. Surely no such imperfection attends the administration of a court of equity. Good faith and early assertion of rights are as essential on the part of the defendant as of the complainant. This matter has recently been before this court, in *Reynes* v. *Dumont*, 130 U. S. 354,

395, and was carefully considered, and the rule, with its limitations, thus stated: "The rule as stated in 1 Daniell's Chancery Practice, 555, 4th Am. ed., is, that if the objection of want of jurisdiction in equity is not taken in proper time, namely, before the defendant enters into his defence at large, the court, having the general jurisdiction; will exercise it; and in a note on page 550, many cases are cited to establish that 'if a defendant in a suit in equity answers and submits to the jurisdiction of the court, it is too late for him to object that the plaintiff has a plain and adequate remedy at law. This objection should be taken at the earliest opportunity. The above rule must be taken with the qualification that it is competent for the court to grant the relief sought, and that it has jurisdiction of the subject matter.' . . . It was held in *Lewis* v. *Cocks*, 23 Wall. 466, that if the court, upon looking at the proofs, found none at all of the matters which would make a proper case for equity, it would be the duty of the court to recognize the fact and give it effect, though not raised by the pleadings, nor suggested by counsel. To the same effect is *Oelrichs* v. *Spain*, 15 Wall. 211. The doctrine of these and similar cases is, that the court, for its own protection, may prevent matters purely cognizable at law from being drawn into chancery at the pleasure of the parties interested; but it by no means follows, where the subject matter belongs to the class over which a court of equity has jurisdiction, and the objection that the complainant has an adequate remedy at law is not made until the hearing in the appellate tribunal, that the latter can exercise no discretion in the disposition of such objection. Under the circumstances of this case, it comes altogether too late, even though, if taken *in limine*, it might have been worthy of attention." See also *Kilbourn* v. *Sunderland*, 130 U. S. 505; *Union Trust Co.* v. *Illinois Midland Railway*, 117 U. S. 434, 468.

Further comment is unnecessary. The ruling of the Circuit Court was correct; and its decree is therefore

*Affirmed.*