## CAUFFIEL v. LAWRENCE.

(District Court, M. D. Tennessee, at Nashville. February 22, 1919.)

### No. 60.

COURTS ⊜⟶343—FEDERAL COURT—INTERVENTION—PURPOSE OF INTERVENTION.
An intervention cannot be permitted, for the purpose of contesting complainant's ownership of the cause of action alleged in the bill and having intervener substituted as complainant, especially in view of equity rule 37 (198 Fed. xxviii; 115 C. C. A. xxviii) providing that an intervention "shall be in subordination to, and in recognition of, the propriety of the main proceeding."

In Equity. Suit by Daniel Cauffiel against Rachel Jackson Lawrence. On petition of the United States to be substituted as complainant. Denied without prejudice.

Parks & Bell, of Nashville, Tenn., for plaintiff.
W. L. Granbery, of Nashville, Tenn., for defendant.

SANFORD, District Judge. The request of the United States for leave to intervene in this suit as an interested party was presented orally in open court some two or three months ago. My present recollection is that counsel for the plaintiff and defendant were present at the time, and that it was stated that there was no objection to such intervention, and leave to intervene was granted accordingly, although no order to that effect appears to have been entered of record. So far as I now recall, however, the application to intervene was very general, without stating the Government's precise interest in the litigation, or without stating that it desired to intervene for the purpose of being substituted as the party plaintiff; nor so far as I now recall was any consent given by plaintiff to such substitution, or leave granted to intervene for such specific purpose; this matter not having been then brought to my attention or ruled on by me at the time.

The bill, so far as appears on its face, is filed by Cauffiel in his own right, seeking to obtain the specific performance of an option for the purchase of land alleged to have been executed to him by the defendant, for which he paid at the time a consideration of one hundred dollars, and in pursuance of which he prays that on payment of the purchase price the defendant may be required to execute and deliver a deed to him. The bill does not disclose any interest on the part of

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Government, either in this option or in the land in question, and must, as it stands, be taken as a bill to enforce an option taken in his own right and for his own benefit.

The defendant's answer also treats the matter in issue as one solely between the plaintiff and the defendant and does not disclose any interest on the part of the Government in the transaction.

The petition of intervention filed by the United States, verified in effect merely on information and belief, alleges that in securing this and other options on lands in and near "Hadley's Bend" plaintiff was acting as the agent and representative of the War Department of the United States and under its authority; that these options were taken in the plaintiff's name, according to its directions; that the title to all lands so acquired by him was vested in the United States for its use; that the United States is in fact the real party in interest; and that Cauffiel as an individual had no interest in the litigation: and prays that the United States may be substituted as complainant in the cause, and the control of the litigation, in so far as Cauffiel is connected, transferred to it. No process was prayed or issued under this petition, or order made thereon.

Subsequently the United States and the defendant presented in open court a proposed consent decree, signed by counsel for the United States and for the defendant, reciting that the matters in controversy had been compromised on the authority of the War Department of the United States, on certain terms therein set forth, and asked that such agreed decree be entered as a final disposition of the case. This proposed decree provided for the conveyance of all or part of the lands in controversy to the United States upon the payment of a certain sum, and for a division of the costs; but contained no provision in reference to the $100.00 alleged to have been paid by Cauffiel.

Since at the time the United States had not been substituted as plaintiff and Cauffiel had not consented to this proposed decree, whereby all the individual rights which he was apparently asserting under his bill would have been disposed of without a hearing, I declined to approve this proposed decree for entry.

Thereupon the United States filed another petition, again alleging, with a similar verification, that Cauffiel had no interest in the litigation and that the United States and the defendant are the only parties in interest, and again praying that it be substituted as plaintiff in lieu of Cauffiel, and that the compromise decree be allowed to be entered as presented.

Upon this second petition an order was made that five days' notice of the application be given to plaintiff's attorneys of record and that unless they consented to such substitution the matter be submitted to the court upon such objections as they might file.

I am advised by the clerk that the required notice has been given by the clerk to plaintiff's attorneys and that they have stated that they had been instructed by Cauffiel not to sign anything without specific instructions from him. They have, however, filed no objections to the proposed substitution or appeared in opposition thereto in Cauffiel's behalf.

The papers have now been transmitted to me by the clerk for action, without any accompanying briefs.

The question presented is novel and interesting, and I have given it careful consideration. It appears to be a question of first impression; no precedent appearing so far as I can ascertain. My conclusions are:

1. Cauffiel's bill must be taken, as it purports to be on its face, one asserting an interest in the controversy in his own right and behalf, and not merely as agent for the Government. So considered the Government's petition of intervention is antagonistic to the bill, since it alleged that Cauffiel in fact has no interest in the litigation and is acting only as its agent. The unrestricted leave given to the Government to file an intervention petition, without knowledge of its scope, was therefore improvidently granted; and no order can now be properly made upon it, in antagonism to Cauffiel, which would in effect deprive him of a hearing upon his asserted individual right in the due and orderly progress of the litigation. I know of no rule or practice, nor of any just principle, which would thus require a plaintiff to submit to a summary procedure for the purpose of depriving him of his right to prosecute his own suit in the matter in which he had elected. The thirty-seventh Equity Rule (198 Fed. xxviii, 115 C. C. A. xxviii) specifically provides that:

"Any one claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention *shall be* in subordination to, and in recognition of, the propriety of the main proceeding."

Here the petition of intervention is not in subordination to the plaintiff's bill, but antagonistic thereto, and seeks to deprive the plaintiff of the entire control of his suit. And see 2 Street's Federal Equity Practice, § 1355, p. 823, and cases cited, showing that while, prior to the promulgation of this rule, new parties occupying a hostile attitude to the plaintiff, or seeking to assert rights superior to those of the parties of record, might sometimes, for strong reasons, be permitted to intervene, they must, if they came in at all, come in as defendants.

2. Furthermore, even if the thirty-seventh Equity Rule otherwise permitted, there is manifestly no necessity in a case of this character for the adoption of a rule of practice permitting one plaintiff to be substituted for another, by a summary and interlocutory proceeding, since if in fact the plaintiff is merely the agent for another, the real party in interest, who has settled all the matters in litigation with the defendant, this for cause shown can, it seems, be brought before the court by supplemental answer and operate as a defense upon the merits, when ascertained and established upon a final hearing—not summarily, but in the due course of procedure—leaving to the parties in interest, if they so desire, to carry out in the meantime, pending the final determination of the cause and adjudication of the costs, such settlement of the controversy as they may have entered into through their duly authorized representatives.

3. It is unnecessary to determine whether, if Cauffiel's bill had shown on its face that he was acting solely as the agent of the War Department and for its benefit, the proposed substitution of the principal for

the agent would, in that event, have been authorized, without the plaintiff's consent, especially in the light of the other specific provision of the thirty-seventh Equity Rule that—

"A party with whom or in whose name a contract has been made for the benefit of another * * * may sue in his own name without joining with him the party for whose benefit the action is brought."

4. The petition of the United States for substitution as the party plaintiff, and for entry of the compromise decree tendered, will accordingly be now denied; but without prejudice.