## EQUITABLE TRUST CO. OF NEW YORK v. PORT WENTWORTH TERMINAL CORPORATION et al.

(District Court, S. D. Georgia.   June 16, 1922.)

No. 109.

1. **Mortgages** ⬤⟜386—**Equity has jurisdiction of suit to enforce mortgage.**

Equity has jurisdiction of a suit to foreclose a mortgage, where an accounting of the mortgaged property and the impounding of the rents and profits under the terms of the mortgage are sought.

2. **Courts** ⬤⟜264(3)—**Dependent jurisdiction, arising from control of property, stated.**

When a federal court, by receivers, has assumed control of property in a case of which it has jurisdiction, its control is exclusive, and it alone has power to deal with the property on behalf of all persons whose interests may be affected, regardless of the presence or absence of conditions of federal jurisdiction in each particular controversy that arises.

3. **Receivers** ⬤⟜52—**Mortgage cannot displace receivers in control of property.**

A provision in a corporate mortgage that in case of default the trustee shall be entitled to the appointment of a receiver to impound income does not entitle the trustee to displace receivers previously appointed in another case, but the fact that a dependent bill filed for foreclosure of the mortgage prays for appointment of a receiver to supersede those in control is not ground for its dismissal.

In Equity. Dependent bill by the Equitable Trust Company of New York against the Port Wentworth Terminal Corporation and others. On motion to dismiss bill. Denied.

Murray, Prentice & Aldrich, of New York City, and Anderson, Cann & Cann, of Savannah, Ga., for complainant.

Rabenold & Scribner, of New York City, and Hitch, Denmark & Lovett, of Savannah, Ga., for defendants.

SIBLEY, District Judge. This is a bill filed on leave of the court to foreclose a mortgage on realty within this district, to sell the mortgaged

property, and to appoint receivers therefor pending a sale. Motion to dismiss and an opposition to the receivership are made.

[1, 2] The motion to dismiss is based on want of jurisdiction and of equity. The general equity for an accounting of the mortgaged property, to impound the accruing rents and profits under the terms of the mortgage, and to foreclose and sell, all of which is sought here, is sufficient on the latter score. As to the federal jurisdiction, there is none because of diversity of citizenship, the citizenship of the complainant being the same as that of the mortgagor and of its receivers. But the bill avers that the mortgaged property is in the hands of receivers of this court and that the relief sought cannot, for this reason, be had elsewhere. When a federal court, by receivers, assumes control of property in a case of which it has jurisdiction, it cannot be controverted that thereafter, during such control, no other court may deal directly with the property and that, as a necessary consequence, the duty and the power of making all dealings with the property in behalf of all persons whose rights may be affected is in such federal court, regardless of the presence or absence of the conditions of federal jurisdiction in each particular controversy that arises. Wabash Railroad v. Adelbert College, 208 U. S. 38, 54, 28 Sup. Ct. 182, 52 L. Ed. 379; Compton v. Jesup, 68 Fed. 263, 15 C. C. A. 397, and cases cited. The court, having jurisdiction of the res, must do justice by all interested in it. This may be accomplished by that form of intervention known as pro interesse suo.

In strictness, intervention results in the intervener becoming party plaintiff or defendant in the main case, and by equity rule 37 (128 Fed. xxviii, 115 C. C. A. xxviii) the intervention is in subordination to and in recognition of the propriety of the main proceeding. Where the right to be protected is wholly independent of those contested in the main litigation but must be examined because of the court's control of the res, an ancillary or dependent bill may be entertained. Dependent is the better name because the bill is not an assistance to the main cause, but rather depends on it as an appendage. Such is the bill here. This court, having no jurisdiction over it as an original and independent suit, can and must entertain it as depending from its control of the property sought to be foreclosed upon and sold. It sufficiently avers the jurisdictional fact of this court's control of the res to make it such, though its form is otherwise that of an original bill. Continental Trust Co. v. Toledo Railroad (C. C.) 82 Fed. 642, affirmed 95 Fed. 497, 36 C. C. A. 155; Morgan's Louisiana & Texas Railroad v. Texas Central Railroad, 137 U. S. 171, 11 Sup. Ct. 61, 34 L. Ed. 625.

[3] Its prayer for a receivership of the property superseding that now in existence is urged as defeating the dependent jurisdiction because subversive of the subordination to and recognition of the propriety of the main suit which ought to attend the exercise of all dependent jurisdiction. The subordination to the main suit required of a dependent bill is not exactly that affecting an intervention. It need not suffer a sacrifice of any right, or be delayed or hindered by the main suit, and is, in most respects, a separate litigation. But evidently it cannot attack and seek to destroy that on which it depends. The

complainant here cannot destroy the very receivership which gives the court the power to deal with the dependent bill at all, and then proceed to ask another receivership and further relief which the court would have no jurisdiction to grant except for the one so destroyed. If the object of the bill were to free the property from an improper receivership which could be done only by entering the court that established it, the bill should stop at that. Where, as is the case here, ulterior relief is really aimed at, which the court has jurisdiction to grant only because it has already assumed control of the property, the complainant in the dependent bill cannot begin by upsetting this jurisdictional foundation. The attack, however, is made more in argument than by the averments of the bill, and does not go to a want of jurisdiction to grant the original receivership. The prayer for a substituted receivership may be simply disregarded as one that ought not to be granted. The bill will not be dismissed for its over-much praying.

This holding is not opposed to that made in Phinizy et al. v. Augusta & Knoxville Railroad Co. (C. C.) 56 Fed. 273. In that case the court had original jurisdiction because of diversity of citizenship. Nor is the conclusion upset by the provision in the mortgage relied on in the petition that on the filing of any judicial proceeding to enforce rights under the mortgage—

"the trustee shall be entitled to the appointment ex parte of a receiver or receivers of the mortgaged premises and of the earnings, income, rents, issues or properties thereof with such powers as the court making such appointment shall direct."

This does not mean that the trustee shall be the receiver or shall be entitled to name him. The receiver so appointed would be the receiver of the court, just as those now acting are. The force of the provision is that the income is to be collected and held for the mortgaged debt on the happening of the named contingency and that the mortgagor will not resist this being done through a receiver. The parties could not make any further bargain concerning the discretionary remedies of the court. There is no contractual displacement of a receivership already granted by a court and no right to have another substituted.

This bill has been allowed filed by express order. It will now be held in court as a dependent bill by overruling the motion to dismiss it. This hearing for a receiver has developed the relations of the mortgaged property to that of the Savannah & Atlanta Railway, which also is in the hands of the same receivers. The prayers of the dependent bill may be treated as sufficient for considering a modification of the receivership now existing over the mortgaged property. I am convinced that the interests of the two corporations, as well as the use of their property are so interwoven that they must be in a large measure under a common management until disposed of, and can be disposed of to advantage only by co-operation in their disposition. At the same time, conflicts are likely to arise between the interests of the railway and of the mortgagee of the Port Wentworth Company. I think all rights can be best protected by relieving as to the Port Wentworth property one of the present receivers and retaining one of them, who will, from his

connection with the railroad, be able to view matters from that standpoint, and by substituting a receiver who can occupy the viewpoint of the mortgagee. Differences, if any, can be solved by the court.

An order may be prepared accordingly, on presentation of which the receivers will be designated by name.