## UNION TRUST CO. OF PITTSBURGH, PA., v. JONES et al.

(Circuit Court of Appeals, Fourth Circuit. November 24, 1926.)

No. 2563.

1. Creditors' suit ⬅️11(1)—Defendant may waive objection to jurisdiction of suit by simple contract creditor.

A court of equity has jurisdiction of a creditors' suit by a simple contract creditor, where the corporation defendant by answer admits the allegations of the bill and consents to the appointment of a receiver.

2. Courts ⬅️264(3)—Federal court having possession of property by receivers has ancillary jurisdiction to foreclose mortgage thereon.

Where the property of a corporation is in possession of receivers of a federal court appointed in a creditors' suit of which the court has jurisdiction, it has jurisdiction of an ancillary bill to foreclose a mortgage thereon, though the parties to the mortgage may be citizens of the same state.

3. Courts ⬅️343—Intervener cannot seek aid of court and at same time attack jurisdiction (equity rule 37).

An intervener cannot seek the aid of the court and at the same time attack its jurisdiction in the cause, in view of equity rule 37.

4. Creditors' suit ⬅️29—Unsecured creditor intervening in creditors' suit cannot contest rights of litigants to proceed.

Unsecured creditor intervening in creditors' suit cannot contest right of litigants in the original or an ancillary suit to proceed therein.

5. Mortgages ⬅️492—Sale of mortgaged property may be directed before ascertainment of liens.

A federal court may direct sale of mortgaged property in advance of ascertainment of the liens thereon.

Appeal from the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker, Judge.

Suit in equity by Walter A. Jones against the United States Window Glass Company, wherein the Union Trust Company and others intervened. From the decree, the Union Trust Company of Pittsburgh, Pa., intervener, appeals. Affirmed.

Harry H. Byrer, of Martinsburg, W. Va. (Kilmer & Byrer, of Martinsburg, W. Va., on the brief), for appellant.

Roscoe M. Ewing and Paul J. Bickel, both of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellees.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

WADDILL, Circuit Judge. On the 23d day of May, 1923, Walter A. Jones, the complainant below, filed his bill in behalf of himself and all other creditors similarly situated, against the United States Window Glass Company, asserting an alleged indebtedness of $300,000 due him, and a liability for the further sum of $200,000. The jurisdiction of the court was based upon diverse citizenship of the parties, the complainant Jones being a citizen of the state of Ohio, and the Glass Company a corporation of the state of West Virginia.

The complaint contained the usual allegations of bills of the kind, with respect to the financial embarrassment of the defendant, and the necessity of conserving its assets, and prayed for the appointment of a receiver. The Glass Company appeared and filed its answer, submitting itself to the jurisdiction of the court, and consented to the appointment of a receiver, and such receiver was duly appointed, and the following proceedings as bearing especially upon the merits of this appeal were thereafter had. The bill further set forth the existence of an indebtedness of $350,000 due on an outstanding mortgage, secured upon the company's plant at Morgantown, W. Va., and its other tangible estate. At the time of the filing of the bill there had been no default in the payment of principal or interest secured by the mortgage. Such default, however, occurred pending suit, and thereupon the Guardian Trust Company and L. B. Foote, trustees in the mortgage aforesaid, finding the property upon which the mortgage constituted a first lien in the hands of a receiver appointed as aforesaid, filed in this suit an application for leave to intervene and file an intervening petition setting up the facts with respect to the indebtedness due under the mortgage, and also to be afforded proper relief. Such application being granted, the intervening petition was thereupon filed, in the usual form of an original bill to foreclose a mortgage, and the said Guaranty Trust Company and L. B. Foote, trustees, along with sundry other defendants, subsequently filed, first procuring leave therefor, an amended supplemental intervening petition, in the nature of a cross-bill in said cause, and the suit was duly matured on said amended pleadings. No dispute was made as to the amount or validity of the mortgage indebtedness.

On the 27th of February, 1926, Special Master L. C. Crile, theretofore duly appointed, filed his report as to the property and indebtedness of the defendant Glass Company, in which he recommended that a sale be had of the property, because the same was depreciating in value, and was expensive to carry, and also reported the assets and liabilities of the Glass Company, and that its lien indebtedness or debts for which apparent liens existed, amounted to $432,103.54, and an unsecured indebtedness of $732,222.32, aggregating $1,164,324.86, which the master reported as the approximate indebtedness. He did not attempt, however, to pass upon the order of priorities as between lienors, or what was the exact amount due upon any of said claims other than the mortgage indebtedness aforesaid, and he likewise filed a statement showing the appraised value of the Glass Company's property to be $578,912.

After the coming in of this report, to wit, on the 6th day of March, 1926, the Union Trust Company of Pittsburgh, appellant herein, filed its petition pursuant to leave so to do, setting up an unsecured debt due it of $50,000 evidenced by promissory notes of the United States Window Glass Company, and asked leave to intervene, which was granted, the Trust Company, appellant here, being admitted as a party defendant for the purpose of setting up its debt. No claim was made by the Trust Company that its debt was other than that of an unsecured creditor, and it did not question or assail the mortgage indebtedness aforesaid.

The Trust Company moved to dismiss the bill and amended and supplemental bills because of lack of jurisdiction, and excepted to the court's ruling in permitting the amended and supplemental and cross-bills aforesaid to be filed by the United States Window Glass Company and others, as set forth in the decree of the 27th of May, 1926, and to the court's refusal to dismiss the bill as amended. Upon this state of the record, the decree of foreclosure of the 26th of June, 1926, appealed from, was entered over the objection of and against the insistence of the appellant. The decree of foreclosure was in the usual form, and directed the sale of the property and estate of appellee, the United States Window Glass Company, as fully set forth and described in the decree, and upon the terms and conditions therein specifically enumerated. The court decreed a lien to exist under the mortgage aforesaid to the Guardian Trust Company and L. B. Foote, trustees, for the sum of $381,125.20, the principal and interest of the mortgaged indebtedness as of the 26th day of June, 1926.

The assignments of error, 13 in number, relate mainly to the decree of sale, and particularly to formal matters in connection

therewith appearing on the face of the record, rather than to substantial and serious errors affecting the rights of the parties upon the merits of the case. A careful scrutiny of the same will demonstrate that the assignments, separately and as a whole, are not well taken, and that the action of the court, taking it in its entirety, is correct, and at least free from errors of which appellant can justly complain. It may not be amiss to refer to several of the questions arising upon the record, though no general discussion of the subjects alluded to need be undertaken.

[1] First. As to the character of the suit, and the manner in which the same was instituted, as bearing upon the court's jurisdiction: It was an equity cause, instituted by a general or unsecured creditor against the United States Window Glass Company, asking the appointment of a receiver, with a view of preserving the property of the corporation, the company at the time being without ready money with which to carry on its business, and to prevent loss to the same. The corporation, the only defendant to the bill, appeared and filed its answer, admitted the allegations of the bill, joined in the prayer thereof, and consented to the appointment of a receiver.

It may be conceded that bills in equity asserting claims against a corporation, and seeking to take possession of its assets, are filed by lien creditors, as distinguished from open account or unsecured creditors whose debts have not been judicially determined and their legal status ascertained. In cases of the character here, this is not necessarily so, and there are well-known exceptions to the general rule in respect thereof. The following authorities relate especially to this subject: Hollins v. Brierfield Coal Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113; In re Metropolitan Railway Receivership, 208 U. S. 90, 28 S. Ct. 219, 52 L. Ed. 403; McGowan v. Parish, 237 U. S. 285, 295, 35 S. Ct. 543, 59 L. Ed. 955; American Brake Shoe & Foundry Co. v. Pere Marquette R. R. Co. (C. C. A.) 205 F. 14; In re William S. Butler & Co. (C. C. A.) 207 F. 712; L. D. George Lumber Co. v. Daugherty, 214 F. 958, 961 (C. C. A. 4th Cir.); Simkins, Federal Equity Suits, pp. 734, 738, 740.

In Hollins v. Brierfield Coal Co., 150 U. S., supra, Mr. Justice Brewer, speaking for the court, at pages 380 and 381 (14 S. Ct. 128), said:

"It is urged, however, that this court has sustained the validity of proceedings and decrees in suits of this nature, in which it appeared that the plaintiffs had not exhausted their remedies at law, and the cases of Sage v. Memphis & Little Rock Railroad, 125 U. S. 361 [8 S. Ct. 887, 31 L. Ed. 694], and Mellen v. Moline Iron Works, 131 U. S. 352 [9 S. Ct. 781, 33 L. Ed. 178], are cited as illustrations. But, passing by other matters disclosed by the facts of those cases, it will be noticed that in neither of them was the objection made at the outset and when action on the part of the court was invoked. Defenses existing in equity suits may be waived, just as they may in law actions, and when waived, the cases stand as though the objection never existed. Given a suit in which there is jurisdiction of the parties, in a matter within the general scope of the jurisdiction of courts of equity, and a decree rendered will be binding, although it may be apparent that defenses existed which, if presented, would have resulted in a decree of dismissal. Take the present case as an illustration: Suppose the corporation and other defendants had made no defense, and, without expressly consenting, had made no objection to the appointment of a receiver, and the subsequent distribution of the assets of the corporation among its creditors; it cannot be doubted that a final decree, providing for a settlement of the affairs of the corporation and a distribution among creditors could not have been challenged on the ground of a want of jurisdiction in the court, and that notwithstanding it appeared upon the face of the bill that the plaintiffs were simple contract creditors, because the administration of the assets of an insolvent corporation is within the functions of a court of equity, and the parties being before the court, it has power to proceed with such administration. If there was a defense to the bills as framed, an objection to the right of these plaintiffs to proceed on the ground that their legal remedies had not been exhausted, was a defense and should have been made in limine, and does not of itself oust the court of jurisdiction. This doctrine has been recognized not merely in the cases cited, but also in those of Reynes v. Dumont, 130 U. S. 354 [9 S. Ct. 486, 32 L. Ed. 934]; Kilbourn v. Sunderland, 130 U. S. 505 [9 S. Ct. 594, 32 L. Ed. 1005]; Brown v. Lake Superior Iron Co., 134 U. S. 530 [10 S. Ct. 604, 33 L. Ed. 1021]. None of these cases question the proposition that, if the objection is seasonably presented, it will be effective."

In Metropolitan Receivership Cases, 208 U. S. supra, Mr. Justice Peckham, speaking for the court, at pages 109 and 110 (28 S. Ct. 224), said:

"It is also objected that the Circuit Court had no jurisdiction, because the complainants were not judgment creditors, but were simply creditors at large of the defendant railways. The objection was not taken before the Circuit Court by any of the parties to the suit, but was waived by the defendant consenting to the appointment of the receivers, and admitting all the facts averred in the bill. Hollins v. Brierfield Coal & Iron Company, 150 U. S. 371, 380 [14 S. Ct. 127, 37 L. Ed. 1113]. That the complainant has not exhausted its remedy at law—for example, not having obtained any judgment or issued any execution thereon—is a defense in an equity suit which may be waived, as is stated in the opinion in the above case, and when waived the case stands as though the objection never existed. In the case in the Circuit Court the consent of the defendant to the appointment of receivers, without setting up the defense that the complainants were not judgment creditors who had issued an execution which was returned unsatisfied, in whole or in part, amounted to a waiver of that defense. Brown v. Lake Superior Iron Co., 134 U. S. 530 [10 S. Ct. 604, 33 L. Ed. 1021]; Town of Mentz v. Cook, 108 N. Y. 504, 508 [15 N. E. 541]; Horn v. Pere Marquette R. R. Co. [C. C.] 151 F. 626, 633."

These authorities make clear the right to file the original bill in this cause, and the court's jurisdiction thereof.

[2] Second. Appellant, Union Trust Company of Pittsburgh, having itself intervened in the cause and asserted an unsecured debt for $50,000, insists that conceding the jurisdiction of the court in the first instance, by reason of the existence of diverse citizenship of the parties, upon the intervention of the appellee trustees named in the mortgage of the United States Window Glass Company, and the filing of the original, amended and supplemental petitions and bills in the cause, whether treating the same as original or ancillary proceedings, the court lost jurisdiction of the cause, and was therefore without authority to proceed with the winding up and sale and disposition of the company's property.

This position is predicated upon a misapprehension of the character of the suit, and the effect of the intervention in the creditor's bill by the trustees in the mortgage deed. The res the subject of the litigation, namely, the property of the corporation, was in the hands of the court's receivers, and those seeking to fasten liens upon the same could only do so by appearing in this cause, and as-

serting their claims. This was regularly and formally done, and the mortgage, which was not disputed, was directed to be foreclosed by sale of the company's property covered by it. The foreclosure proceeding was ancillary to the creditor's original bill, and technically, in that respect a dependent, as distinguished from an independent suit. Continental Trust Co. v. Railway Co. (C. C.) 82 F. 642, 648; Toledo R. R. Co. v. Continental Trust Co. (C. C. A.) 95 F. 497; Equitable Trust Co. v. Terminal Corporation (D. C.) 281 F. 883; Loveland on Fed. Pro. 978.

[3] Third. The position of the appellant, Union Trust Company, that upon intervention of the trustees under the mortgage the proceedings should have been dismissed, and that in what was done to the contrary the court was without jurisdiction, is clearly untenable. In any event, appellant itself, an intervener in the same litigation to assert its unsecured indebtedness, was not in a position to make such claim. It could not intervene in and seek the aid of the court and at the same time attack and dispossess the court of its jurisdiction to proceed with the litigation in an orderly way. Equity Rule 37, 198 F. 28; 2 Foster's Fed. Pro. 261; Horn v. Pere Marquette R. R. Co., supra (C. C.) 151 F. 626, 633; Cauffiel v. Lawrence (D. C.) 256 F. 714; King v. Barr, 262 F. 56 (C. C. A. 9th Cir.).

[4] Moreover, appellant was not in a position, as an unsecured creditor, to raise and contest with litigants in the original as well as the ancillary suit their right to proceed therein, as it was neither a necessary nor proper party in such litigation. Louisville Trust Co. v. Railway Co. (C. C. A.) 84 F. 539; 19 R. C. L. p. 530, § 333; 3 Fletcher on Corporations, § 1372; 2 Jones on Mortgages, § 1436.

[5] Fourth. The action of the court is further questioned because of the direction to sell the mortgaged property in advance of the ascertainment of liens thereon. This objection is likewise without merit, as nothing is perhaps better settled in the federal practice than that such course may be adopted. In this respect it may be said that the practice is unlike that of many of the state courts; but it is nevertheless true and is a practice which in many respects strongly commends the federal court's procedure, as it tends to facilitate and not indefinitely postpone litigation. First Nat. Bank v. Shedd, 121 U. S. 74, 7 S. Ct. 807, 30 L. Ed. 877; Mellen v. Iron Works, 131 U. S., supra, 352, 369, 9 S. Ct. 781, 33 L. Ed. 178; Wabash R. R.

Co. v. Adelbert College, 208 U. S. 38, 28 S. Ct. 182, 52 L. Ed. 379; Compton v. Jesup (C. C. A.) 68 F. 263, 289, 313; Toledo, etc., R. R. Co. v. Continental Trust Co. (C. C. A.) 95 F. 497; Bowling Green Trust Co. v. Virginia Passenger & Power Co. (C. C.) 164 F. 753, 757, and cases cited; Central Trust Co. v. Cincinnati, etc., Ry. Co. (C. C.) 169 F. 469.

The decree of the District Court will be affirmed, at the cost of the appellant.

Affirmed.