## BARRETT v. GAY.*

Circuit Court of Appeals, Fifth Circuit.
April 16, 1928.

No. 5239.

1. Equity ⚖=42(1)—Filing cross-bill held to waive right to object to jurisdiction in equity.

By filing a cross-bill in a suit in equity, respecting a particular subject-matter in controversy, a defendant waives the right to object to the disposition of such subject-matter by the court as a court of equity.

2. Appeal and error ⚖=909(5)—It will be presumed on appeal, in support of decree awarding escrow deposit to seller, that seller was able to perform, where record does not show contrary.

Under a contract for sale of real estate, requiring buyer to make a deposit in escrow, to be applied on the purchase price if the sale is consummated, but to be forfeited to seller if he was ready and able to perform, but the sale failed through default of buyer, a decree awarding the deposit to seller will be sustained, where the record shows that buyer was not able to perform, and does not show that seller was not able and ready, which will be presumed in support of the decree.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit in equity by D. J. Gay against George O. Barrett. From the decree, defendant appeals. Affirmed.

William H. Watkins, of Jackson, Miss. (Watkins, Watkins & Eager, of Jackson, Miss., D. S. Wentworth, of Chicago, Ill., W. H. Watkins, of Jackson, Miss., and H. O. Nickel, of Chicago, Ill., on the brief), for appellant.

Lemuel H. Doty, of Biloxi, Miss., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On February 27, 1926, the appellant and the appellee entered into a written contract for the sale by the latter and the purchase by the former of described land in Harrison county, Mississippi, at the price of $140,000. The contract provided for the appellant depositing in escrow, in the First National Bank of Biloxi, the sum of $10,000 as earnest money, for his paying, on delivery of the deed or the final closing of the sale, the sum of $25,000, in addition to the $10,000 deposited as earnest money, making total cash payment of $35,000, and for his executing three notes for the balance, payable on or before one, two, and three years, respectively, from the date of

*Rehearing denied May 25, 1928.

the deed or the final closing of the contract, the notes to bear interest and to be secured by deed of trust or first mortgage on the property. The contract, in which appellee was referred to as party of the first part and appellant was referred to as party of the second part, contained the following provisions:

"The party of the first part agrees to furnish a complete abstract to the property, showing a good title vested in him, and a warranty deed to the property, free from all incumbrances.

"The party of the second part is to have thirty (30) days from the date of delivery of said abstract to him, his principals, or their assigns, by the party of the first part, to have his attorney examine such abstract, and to make the payments and execute the notes according to the terms of this contract, and accept the deed to the property. If the abstract does not show that the party of the first part has a good title to the property, then the party of the first part agrees to correct any defect in the title, pointed out by the party of the second part, if such defect can be corrected within a reasonable length of time; provided, however, such defect is pointed out within the thirty days allowed for examination, after the delivery of the abstract.

"The party of the first part agrees that, if he cannot furnish a good title to the property within a reasonable length of time, the $10,000 earnest money deposited is to be refunded to the party of the second part. The party of the second part agrees that, if he does not make the payments as above stated in this contract within the time herein specified, or violates the terms of this contract, he forfeits the earnest money to the party of the first part."

In December, 1926, appellee filed in the chancery court of Harrison county, Mississippi, the bill in equity in this suit against the appellant, containing prayers for a decree requiring specific performance of the contract by appellant, and that appellee have judgment for the $10,000 in the First National Bank of Biloxi. That bill contained allegations to the effect that appellee complied with the above-mentioned contract in every respect, including the furnishing by him to appellant of an abstract of title to said property, showing a good and merchantable title in appellee, free from any incumbrance. In the court below appellant filed an answer to that bill, and a cross-bill, which prayed that the above-mentioned $10,000 be awarded to appellant. By the decree ren-

dered in September, 1927, the court denied appellee's prayer for specific performance, awarded to appellee the above-mentioned $10,000, and denied relief to appellant on his cross-bill. Appellant alone appealed from that decree.

The record shows the following: Within 30 days from the date of the contract appellee furnished to appellant, who resides in Chicago, Ill., an abstract of title. It was conceded in the trial that that abstract was defective, and did not show good title in appellee. Thereafter, pursuant to appellant's request, appellee furnished another abstract of title. The record does not contain that abstract, or disclose its contents. In the trial it was contended in behalf of appellee that that abstract was a complete one, and showed a good title in appellee to the land contracted to be sold, free of all incumbrances, and in behalf of the appellant it was contended that that abstract was defective, and did not show a good title in appellee. Each of the parties introduced testimony in reference to that abstract; testimony of witnesses for appellant containing criticisms of that abstract, and testimony for appellee being to the effect that that abstract showed a good title in appellee. Pursuant to appellant's request, appellee filed in a Mississippi state court a bill to quiet appellee's title to the land mentioned. That court rendered a decree pursuant to the prayer of that bill. At the time of the trial the land mentioned was worth greatly less than it was when the contract was made. As to the real estate boom in that locality a witness stated: "It is absolutely dead, stone dead, now." The testimony of the appellant showed that he borrowed the $10,000, which he deposited pursuant to an above-mentioned provision of the contract, that he depended "entirely on syndicating the property to raise the money to make the yearly payments," and that he was unable to carry out the contract.

[1] Appellant complains of the decree under review on the ground that the court's denial of the equitable relief sought deprived it of the right to proceed with the case on the equity side of the court by awarding the $10,000 to appellee. The record does not indicate that prior to the rendition of the decree the appellant raised any question as to the right of the court as a court of equity to grant any relief sought. Appellant expressly consented to action by the court in this case with reference to the $10,000 deposited as above stated by filing a cross-bill praying that that sum be awarded to himself. He waived any objection to the court on its equity side dealing with the matter of the disposition of that sum, by failing to object seasonably and by invoking action as to that matter by the court as a court of equity. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763; Brown B. & Co. v. Lake Superior Iron Co., 134 U. S. 530, 10 S. Ct. 604, 33 L. Ed. 1021.

[2] So far as the decree is one denying appellee's prayer for specific performance, it is not presented for review. The decree is complained of only in so far as it dealt with the $10,000 deposit. The record discloses that appellant was not ready or able to comply with his obligations under the contract. The record does not show, and it is not contended that, if appellee furnished to appellant such an abstract of title as the contract called for, appellee was in default in any other respect. That instrument not being disclosed by the record before us, we have not the means of ascertaining whether what witnesses said in regard to it was or was not warranted, or of determining whether it did or did not show that appellee had a good title, free from all incumbrances, to the land which was the subject of the contract. The record not showing the contrary, it is to be presumed, in support of the decree appealed from, that that abstract showed such title in appellee, and that when appellee filed his bill he was not in default, and was ready, able, and willing to comply with his obligations under the contract. Above set out provisions of the contract show that the parties contemplated that appellee was to be entitled to the $10,000 deposited, if he was ready, able, and willing to comply with his obligations under the contract, and was kept from doing so by appellant's inability or refusal to comply with his obligations under the contract. As the record shows that appellant was not ready or able to carry out the contract on his part, and does not negative the conclusion that appellee was ready, able, and willing to do what he contracted to do, we conclude that it does not appear from the record that the court erred in that feature of its decree which is complained of.

The decree is affirmed.