GUARANTY TRUST CO. OF NEW YORK
v. WILLIAMSPORT WIRE ROPE CO.
No. 959.

District Court, M. D. Pennsylvania.
May 26, 1937.

Fearey, Allen, Coleman & Johnston, of
New York City, and O'Malley, Hill, Har-
ris & Harris, of Scranton, Pa., for trustees
of First Mortgage.

Mortimore C. Rhone, of Williamsport, Pa., and Karl Y. Donecker, of Allentown, Pa., for Girard Battenfield et al.

John E. Cupp, of Williamsport, Pa., for J. F. A. Comstedt et al.

JOHNSON, District Judge.

The court has for disposition a petition by J. P. A. Comstedt et al., a committee representing certain stockholders of the Williamsport Wire Rope Company, to modify the decree of foreclosure entered on April 12, 1937, and exceptions to the decree by Girard Battenfield et al., certain other stockholders.

The Williamsport Wire Rope Company is in the hands of equity receivers appointed by this court upon a bill filed in September, 1932. Part of the property in the hands of the receivers is subject to a first mortgage. On December 28, 1936, upon leave of court, the trustees of the mortgage filed their bill of complaint seeking foreclosure of the mortgage. Answers to the foreclosure bill were filed by the parties in interest, including stockholders' committees which had intervened, one of which was the Comstedt committee, the present petitioner. The answers contained prayers to the effect that if a sale is ordered, all of the property of the Williamsport Rope Company, including the property not subject to the lien of the mortgage, be sold as an entirety in order to obtain a better price. Upon due consideration of the bill and answers, this court in an opinion and order of March 25, 1937, granted the prayers of the bill and directed the complainants to submit a decree of foreclosure, upon five days' notice to all parties in interest. After giving the required notice and after mailing copies of the proposed decree to all parties in interest, the complainants submitted a foreclosure decree on April 12, 1937. No objections to the decree were made by any party in interest and the court on that day signed the decree with several modifications, ordering a sale on May 12, 1937, of all property of the Williamsport Wire Rope Company, including the property not subject to the mortgage as well as that subject to the mortgage.

On May 7, 1937, the Comstedt committee presented the petition now before the court to modify the foreclosure decree. This petitioner now complains that the court should not have ordered the sale of property that was not subject to the mortgage, because that method will not obtain the best price; that the method and manner of sale and the qualifications of bidders fixed in the decree are not fair and will tend to discourage bidding; and that all persons holding claims, other than the mortgagees, are barred from distribution under the decree and are not accorded a day in court.

In its answer to the foreclosure bill the petitioner averred: "That if there is to be a sale and disposition of any of the property of the said Williamsport Wire Rope Co., all of the said property should be sold and disposed of at the same time, as a going concern, and not sold in segregated parts or parcels. Intervenors further say that a sale of said property in parts or parcels, and not as an entire and complete plant and going business, will result in a lower aggregate price than said property and its business could be sold for as a whole, to the destruction of the equities of said preferred and common stockholders."

The petitioner is now estopped from asserting that the property should not be sold as an entirety, especially since it had received a copy of the proposed decree and notice of the hearing thereon, and failed to make any objections thereto at the hearing. In any event, the court is of the opinion that the sale of the property as a going concern is for the best interest of creditors and stockholders and will bring a better price than a sale of segregated parts and parcels.

The petitioner fails to state wherein the method and manner of sale and the qualifications of bidders, fixed by the decree, are improper. The court is of the opinion that the method and manner of sale afford ample opportunity for any bidder to bid for the property, and that the requirement that the bidder deposit 10 per cent. of the amount of the proposed bid as a pledge that the bid will be made good is reasonable. The fact that after due notice no objections to the decree were made by the parties in interest prior to the entry of the decree supports this view.

The contention that the decree bars claims from distribution is without merit. By a decree of April 12, 1937, all claims were directed to be filed with the special master on or before April 30, 1937. The decree required the special master so to notify all creditors. The report of the special master shows that numerous claims

were filed, all of which have been allowed, and are entitled to participate in the proceeds of the sale, according to their priorities.

The substance of the exceptions to the foreclosure decree filed by Girard Battenfield et al. is that the court had no jurisdiction of the foreclosure bill because of the lack of a federal question and diversity of citizenship; that the court had no jurisdiction to order a sale of property not subject to the lien of the mortgage because the foreclosure bill related only to the property subject to the mortgage; and that the requirement that the purchaser at the sale, in addition to the amount of his bid, pay certain undetermined amounts, such as unpaid indebtedness of the receivers, the cost of the sale, compensation and expenses of the trustees of the mortgage and the equity receivers, is unreasonable in that it is impossible for bidders to determine in advance the amount of his bid.

■ The court, admittingly having jurisdiction of all of the property of the Williamsport Wire Rope Company in the equity receivership, has jurisdiction to determine all claims against the property and the forum where they shall be litigated. 53 C. J. §§ 553, 554; Minot v. Mastin (C.C.A.) 95 F. 734; Gay v. Hudson River Electric Power Company (C.C.A.) 184 F. 689; Odell v. H. Batterman Co. (C.C.A.) 223 F. 292, and jurisdiction of a suit to foreclose a mortgage on property in the hands of the receivers, even though the suit lacks diversity of citizenship and a federal question. Toledo, St. L. & K. C. R. Co. v. Continental Trust Co. (C.C.A.) 95 F. 497; Morgan's Louisiana & T. R. & S. S. Co. v. Texas Central Railways, 137 U.S. 171, 11 S.Ct. 61, 34 L.Ed. 625; Equitable Trust Co. v. Port Wentworth Terminal Corp. (D.C.) 281 F. 883; Union Trust Co. v. Jones (C.C.A.) 16 F.(2d) 236; John Murtland, Inc. v. Empire Trust Co. (C.C.A.) 39 F.(2d) 341. It is within the discretion of the court to determine whether the mortgaged and unmortgaged property should be sold as an entirety. See Cyclopedia of Federal Procedure (1930) vol. 7, §§ 3475, 3488; Spiller v. St. Louis-San Francisco Railway Co. (D.C.) 288 F. 612; Trustees Corp. v. Kansas City, Mexico & Orient Railroad Co. (C.C.A.) 18 F.(2d) 765. In view of the fact that all the respondents to the foreclosure bill requested that the property be sold as an entirety, it may have been an abuse of discretion not to have done so.

See People's Pittsburgh Trust Company v. Hirsch (C.C.A.) 65 F.(2d) 972, 974, where the court said: "If the appellant had foreclosed its mortgage and purchased the real estate, as it might have, and probably would have, done, and the personal property had been sold at another time, it is evident that the personal property would have been sacrificed, for it would normally be worth very much less to any one other than the purchaser of the hotel property, and he would be in the position of a favored buyer. Both the real and personal property should be sold at one and the same time, as the receiver would do. * * * The court, in our opinion, not only did not abuse its discretion, but exercised wise judgment."

■ The requirement that the purchaser pay, in addition to the amount of his bid, certain undetermined amounts is not unreasonable and will not discourage bidders, but on the other hand such requirement may be necessary in the sale of a large going business and is frequently done. See Julian v. Central Trust Co., 193 U.S. 93, 24 S.Ct. 399, 48 L.Ed. 629; Olcott v. Headrick, 141 U.S. 543, 12 S.Ct. 81, 35 L. Ed. 851; Hanlon v. Smith (C.C.) 175 F. 192, 193; Bound v. South Carolina Ry. Co. (C.C.A.) 58 F. 473; Sheffield & Birmingham Coal, Iron & Ry. Co. v. Newman (C.C.A.) 77 F. 787; Central Trust Co. v. Denver & Rio Grande R. R. Co. (C.C.A.) 97 F. 239; Atchison, Topeka & Santa Fe Ry. Co. v. Osborn (C.C.A.) 148 F. 606. The largest part of the alleged undetermined amount, the unpaid indebtedness of the receivers, has been made certain by the statements filed by the receivers pursuant to the foreclosure decree. The remaining amounts are capable of being ascertained with reasonable certainty. The fees and expenses to be allowed by the court must be fair and equitable. The uncertainty as to this amount constitutes an inconsequential item in a bid for the quantity and amount of the property to be sold.

The court has carefully considered the petition and all of the exceptions and is of the opinion that they are without merit.

And now, the petition of the Comstedt committee to modify the foreclosure decree is dismissed and the rule thereon is discharged; and the exceptions filed by Girard Battenfield et al., to the foreclosure are dismissed.