## Case No. 4,830.

FISK v. UNION PAC. R. CO. et al.

[10 Blatchf. 518.] [1]

Circuit Court, S. D. New York. March 8, 1873.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

David Dudley Field, for plaintiff.
James Emott and Albert Stickney, for defendants.

BLATCHFORD, District Judge. It appears from the papers that the profits growing out of one of the contracts must have reached those who received them through the medium of the Credit Mobilier of America, as assignee and owner of such contract, so as to make that corporation, as such, liable to respond in this suit to the plaintiff, and to those on whose behalf the suit is brought, and to the Union Pacific Railroad Company, as creditors of such corporation, for such profits, if any defendant is liable so to respond. It also satisfactorily appears, that the Credit Mobilier of America has some property, and that it has made one attempt to procure its dissolution. The property of corporations is held in trust for creditors, and may be pursued by them into whosesoever hands it may come, as well after as before the dissolution of the corpora-

tion, unless it may have come to the hands of bona fide purchasers. Hence, the capital stock of a corporation is deemed a trust fund for all the debts of the corporation, and no stockholder can entitle himself to any dividend or share of such capital stock, until all the debts are paid. If the capital stock should be divided, leaving any debts unpaid, every stockholder, receiving his share of the capital stock, would, through a remedy in equity, be held liable pro rata to contribute to the discharge of such debts out of the fund in his hands. Upon the principle, that the property of a corporation is held by its officers in trust, to be applied to the discharge of the legal debts of such corporation, courts of equity interfere to restrain such officers from applying such property to any illegal purpose, and to compel restitution when any illegal application has been made. 2 Story, Eq. Jur. §§ 1252, 1252a. The pursuit of the stockholders may make it necessary to retain jurisdiction over the corporation. It cannot be permitted, that, after jurisdiction, in this suit, over this corporation has been acquired by this court, the corporation should be suffered to take steps to evade such jurisdiction by procuring its own dissolution.

The provision of section 5 of the act of March 2, 1793 (1 Stat. 334, 335), that a writ of injunction shall not be granted to stay proceedings in any court of a state, has never been held to have, and cannot properly be construed to have, any application except to proceedings commenced in a court of a state before the proceedings are commenced in the federal court. Otherwise, after suit brought in a federal court, a party defendant could, by resorting to a suit in a state court, defeat, in many ways, the effective jurisdiction and action of the federal court, after it had obtained full jurisdiction of person and subject-matter. Moreover, the provision of the act of 1793 must be construed in connection with the provision of section 14 of the act of September 24, 1789 (1 Stat. 81, 82), that the federal courts shall have power to issue all writs which may be necessary for the exercise of their respective jurisdictions. It may properly be considered as necessary for the continued exercise of the jurisdiction of this court over the corporation in question, that it should be restrained from taking steps, in a state court, to put itself out of existence.

The injunction asked for is proper, to restrain the corporation from taking any proceedings for its own dissolution, or for the appointment of a receiver of its effects, or for the distribution thereof among its stockholders, or any other persons, and from making any distribution or transfer of any of its effects. If this injunction shall at any time interfere with the doing by the corporation of anything which it ought properly to be allowed to do, application may be made to modify it.