HAMILTON, Trustee, *v.* WALSH and others.

*(Circuit Court, D. Rhode Island.  April 16, 1885.)*

INJUNCTION TO STAY PROCEEDINGS IN STATE COURT—REV. ST. § 720.

>   While an action of replevin, instituted by H., was pending in the state court, he filed a bill in equity in the United States court to reform the chattel mortgage under which he claimed the property.  Judgment was rendered against him in the state court, and suit brought on the replevin bond, whereupon he filed a supplemental bill in the United States court, praying an injunction.  On motion for a preliminary injunction to stay proceedings in the suit on the bond until final decree on the bill, *held*, the injunction could not be granted.

On Motion for Preliminary Injunction.

*Wilson & Jenckes*, for complainant.

*Wm. H. Baker*, for respondent.

CARPENTER, J.   The complainant commenced an action of replevin in the state court of Rhode Island, wherein he based his title to the property replevied on a certain chattel mortgage.   The respondent denied that the mortgage had the effect to convey the property in dispute, and the decision of the suit depended on the interpretation which should be given to the terms of the mortgage.   While that suit was pending, the complainant filed his bill in this court, in which he prays a reformation of the terms of the mortgage.   The suit in the state court then proceeded to final judgment for the defendant, and he thereupon commenced suit on the replevin bond in the state court.   The complainant now files his supplementary bill in this court, in which he alleges the commencement and prosecution of the suit on the replevin bond, and prays an injunction; and he now moves for a preliminary injunction to restrain the respondent from prosecuting the suit on the bond until final decree on the bill for reforming the mortgage.

The statute, in terms, prohibits the granting of an injunction to stay proceedings in a state court, except when authorized in bankruptcy proceedings.   Rev. St. § 720.   This statute has been held, however, to apply only to cases where the proceedings are first commenced in the state court.   *Fisk* v. *Union Pac. R. Co.* 10 Blatchf. 518; *French* v. *Hay*, 22 Wall. 250; *Dietzsch* v. *Huidekoper*, 103 U. S. 494.   The complainant points out that the suit on the bond has been commenced since his original bill was filed in this court; and he claims that, upon the rendering of final judgment on the replevin writ, the state court ceased to have jurisdiction of the subject-matter, and that the proceeding in that court was at an end.   I cannot agree with this view of the case.   The action on the bond is for the purpose of enforcing, or perhaps more properly of securing, the fruits of the judgment in the replevin suit, and is the appropriate process for that purpose.   It takes the place of the levy of a writ of execution in an action on the case; and it must for this purpose be taken to be part of the original proceeding in the state court.

The motion is denied.