KESSLER *et al.* *v.* CONTINENTAL CONSTRUCTION & IMPROVEMENT CO.

*(Circuit Court, D. Connecticut. April 7, 1890.)*

1. CORPORATION—DISSOLUTION—STOCKHOLDER.
   Where a stockholder, proceeding under Gen. St. Conn. 1888, § 1942, files a bill in a federal court to have the affairs of the corporation wound up, and its effects distributed, on the ground that it has abandoned the business for which it was organized, leave will be granted plaintiff to file a supplemental bill setting up that since the institution of his suit defendant, acting under section 1943, has voted to discontinue its business, and to distribute its capital stock among the stockholders, and has obtained an order from a state court, limiting the time within which claims of creditors shall be presented, and praying an injunction to restrain it from acting thereunder.

2. SAME—JURISDICTION—INJUNCTION.
   But a motion for temporary injunction to restrain defendant from proceeding under this order will not be granted, as it merely limits the time for presenting creditors' claims, and in no way conflicts with or impairs the jurisdiction of the case first acquired by the federal court.

In Equity. On motion for leave to file supplemental complaint and for an injunction.

*F. J. Stimson* and *Morris W. Seymour,* for plaintiffs.

*Adrian H. Joline,* for defendant.

SHIPMAN, J. A statute of the state of Connecticut authorizes the superior court of the state, as a court of equity, on the application of a stockholder of a corporation organized under its laws, to wind up the affairs of such corporation, and to dissolve it, if said court shall find that said corporation has voted to wind up its affairs, or has abandoned the business for which it was organized, and has thereafter neglected within a reasonable time to close its business and distribute its effects, and said court is authorized to appoint a receiver for that purpose. In May, 1888, the complainants, who are stockholders in the defendant corporation, which was organized under the laws of said state, brought their bill in equity, under said statute, alleging that the corporation had abandoned the business for which it was organized, and had neglected for an unreasonable time thereafter to wind up its affairs, and praying for the appointment of a receiver, who should close its business under the orders of this court. A motion for a temporary injunction, and for the appointment of a temporary receiver, was denied. The complainants have taken

some testimony, but have not closed their proofs. On December 31, 1889, the defendant, at a special meeting called for that purpose, voted to discontinue its business, and to distribute its capital stock. The assets of said company consist of common and preferred stock of the Fitchburg Railroad Company. The directors distributed 20,825 shares of said preferred stock among the stockholders, and reserved 7,948 shares to meet claims against the company. Section 1943 of the General Statutes of Connecticut provides as follows:

"When the stockholders of any corporation constituted under t... laws of this state shall have voted to discontinue its business and distribute its capital stock among its stockholders, it may apply to the superior court in the county where it is located, or to any judge of said court in vacation, for an order limiting a time for the creditors of said corporation to present their claims against it to its directors, and said court or judge may make such order limiting not less than two months from its date, and shall prescribe the notice that shall be given thereof to said creditors; and all claims not presented in pursuance of said order shall be barred of a recovery. And any claim presented, which shall be rejected by the directors, shall be barred, unless the owner thereof shall commence an action to enforce the same within four months after he shall receive written notice of its rejection."

In pursuance of the votes passed at said meeting of December 31, 1889, the directors presented an *ex parte* application to the superior court for New Haven county, praying for an order under said section; and said court ordered on January 3, 1890, that three months from said day be limited for the presentation of claims against said corporation to its directors, and directed the manner in which notice to creditors should be given.

The complainants have now moved for leave to file a supplemental bill alleging the facts which occurred at and after said meeting, and praying for an injunction restraining the defendant from proceeding under said order of the superior court, or in any way interfering in the affairs of said corporation or winding up or distributing the same until the further order of this court. Said motion also asks for a temporary injunction restraining the defendant from further prosecuting said proceeding in said superior court, and from proceeding under said order or any other order of said court. The foundation upon which the supplemental bill is alleged to rest is that, pending a bill in equity, under the Connecticut statute, by a stockholder for the dissolution of a corporation, it has no right to take measures for its own dissolution, and thus practically deprive the court of control over the distribution of the assets. It has been justly held that, when a creditor of a corporation had commenced proceedings in the circuit court against such corporation to enforce his claim against it, the defendant could be enjoined "from taking proceedings for its own dissolution, or for the appointment of a receiver of its effects, or for the distribution thereof among its stockholders or any other persons, and from making any distribution or transfer of any of its effects." *Fisk* v. *Railroad Co.*, 10 Blatchf. 518. The defendant in this case is not insolvent, and the complainants are stockholders, and not creditors, so that the circumstances of the two cases are not alike;

but, upon a motion for leave to file a supplemental bill, the court is not called upon to definitely determine whether the legal position of the complainant is well taken. Leave to file the bill should be granted, and the questions under the bill will be determined when the issues have been formed.

The other question relates to the temporary injunction. The complainants insist that, inasmuch as the circuit court first obtained jurisdiction of the matters involved in the winding up of the defendant corporation by the bill which prayed both for such winding up and for the appointment of a receiver, this court must have exclusive jurisdiction, which cannot be interfered with by another court. The general principle is stated by Mr. Justice FIELD in *Sharon* v. *Terry*, 36 Fed. Rep. 337, as follows: "The jurisdiction of the federal court having attached, the right of the plaintiff to prosecute his suit to a final determination there cannot be arrested, defeated, or impaired by any proceeding in a court of another jurisdiction." This general rule is sustained by Justice FIELD by an ample citation of authorities, and, among others, by the opinion in *Taylor* v. *Taintor*, 16 Wall. 370, in which it is said: "Where a state court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other, until its duty is fully performed and the jurisdiction invoked is exhausted." The general rule being well established, the question is whether the action of the superior court was such as to arrest, injure, or impair the exclusive jurisdiction of the circuit court. Section 1943 simply empowers the superior court, upon an *ex parte* application of a corporation which proposes to wind up, to limit a time for the presentation of claims against it. The court takes no possession, and can have no control, of the assets, has no power of adjudication upon the claims, cannot either reject or approve them, and cannot order their payment. Its power is exhausted when it has directed creditors to present their claims. I do not perceive that the order of the superior court is in such conflict with the jurisdiction of this court, or tends to impair it, in such a manner as to justify the temporary injunction which is asked for, and which relates to the defendant's action under said order. I may remark, in addition, that it is not alleged in the supplemental bill, or in the affidavits, that the complainants anticipate a fraudulent or improper payment of claims, and that neither the affidavits upon this nor upon the preceding motion impressed upon me the belief that the complainants were in serious danger of injury. This is an additional reason for waiting until the final hearing, which, I think, will be promptly had, and may show that the allegations of the bill are true. The motion for leave to file a supplemental bill is granted, and the motion for a temporary injunction is denied.