CLEVELAND CITY FORGE IRON CO. et al. v. TAYLOR BROS. IRON-WORKS CO. et al.

(Circuit Court, E. D. Louisiana.   February 22, 1893.)

No. 12,170.

1. CORPORATIONS—DISSOLUTION—NOTICE—RIGHTS OF CREDITORS—ATTACHMENT.
  Where the charter of a corporation provides that notice of a meeting to alter or amend the charter shall be advertised for a stated time, the dissolution of such corporation by its stockholders before the expiration of its charter period is as to existing creditors an alteration of an important character, which cannot be effected at a meeting held without such notice, so as to prevent them from levying an attachment. 54 Fed. Rep. 82, followed.

2. SAME—INJUNCTION AGAINST DISSOLUTION.
  Creditors with attachments against a corporation cannot enjoin the stockholders thereof from dissolving the corporation, in the absence of fraud or of damage other than that caused by previous gross mismanagement, and that which will result from the dissolution.  Fisk v. Railroad Co., 10 Blatchf. 518, distinguished.

In Equity.   Bill by the Cleveland City Forge Iron Company, the Prentiss Tool & Supply Company, and the Niles Tool Works, attaching creditors, against the Taylor Bros. Iron-Works Company, Limited, to enjoin the dissolution of defendant.   Injunction denied.   Motions made in the attachment suits to dissolve the attachments were heretofore denied.   See 54 Fed. Rep. 82, where additional facts are stated.

W. S. Parkerson and Denegre, Bayne & Denegre, for complainants.
Thomas J. Semmes, for defendants.

BILLINGS, District Judge.   This cause is submitted on an application for an injunction pendente lite.   The defendants are a corporation, limited, organized under the laws of Louisiana, and the stockholders therein.   The complainants are plaintiffs in this court, who have commenced suit, two by attachment, and the other by sequestration.   The chief object of the injunction sought is to restrain the stockholders from dissolving the corporation.   Two points are involved in this application, and must be considered:   First, has the corporation been already dissolved? and, second, if not, does the bill make a case for an injunction?

1. As to the claimed dissolution.   In the suits at law a suggestion of the dissolution was made.   An agreement was made to waive a trial by jury, and the court found against the dissolution.

It has been insisted in the argument of this application that the proposition of law upon which the court founded its decision, viz. that the stockholders could not waive the clause in the charter of the corporation requiring the advertisement in the papers of the meeting called to dissolve the corporation, was erroneous.   The whole matter turns upon whether the creditors had an interest in receiving such a notice.   For the reasons I gave in the law cases, my opinion, notwithstanding the second argument, is unchanged.   It seems to me they had interests to protect which gave them the

right to insist upon the clause requiring the advertisement, and that without it, as against them, there could be no dissolution.

A point not presented to the court at the former argument has been made now, viz. that the notice of 10 days, required by the charter, is simply for altering or amending the charter, and that dissolution, not being specifically mentioned, does not require the notice. As it seems to me, with reference to a corporation, the charter of which provides that the corporation shall have and enjoy succession in its corporate name for the period of 99 years, its dissolution before that time, at least so far as existing creditors are concerned, is an alteration of its charter, and that of an important character. The statute gives a right to a proper majority of the stockholders to change the charter as to the term of continuance of the corporation by a previous dissolution; but the manner in which all changes, including this, are to be effected, is fixed by the charter. Treating this argument as, in substance, upon this question, one for a new trial, with my convictions at first and now as to the meaning and effect of the charter, I must refuse it.

2. Does the bill make a case for injunction if the corporation exists? The substance of the bill is that the complainants are creditors with attachment; that the defendants have made an attempt to dissolve the corporation, and, unless prevented by injunction, will dissolve, to the irreparable injury of the complainants. There is no charge of fraud or damage, save by previous gross mismanagement, and what will be accomplished by dissolution. Unless the institution of an attachment suit gives a creditor the right to thus interfere to prevent a dissolution of an indebted corporation, he has none; for the authorities seem to be to the effect that a mere creditor has no right to prevent. The solicitors for the complainant relied upon the case of Fisk v. Railroad Co., 10 Blatchf. 518. A careful study of that case leads me to the conclusion that it is distinguishable upon principle from this. There the party obtaining the injunction had already instituted a suit in equity, averring waste of the assets of the corporation, for the purpose of winding up the entire business of the corporation and distributing all its effects. The attempt to dissolve was, therefore, a defiance of the entire purpose of the jurisdiction with which the circuit court was seised. Here there is simply a suit at law with an attachment, the force of which, as carrying any privilege, is dependent upon a judgment. It is a proceeding of individual creditors to secure and collect individual debts. The dissolution would defeat the creditors' object, but is in no sense a defiance of the court's jurisdiction; and, as it seems to me, after thoroughly considering the Case of Fisk, the protection of a previously acquired jurisdiction of a particular subject-matter, viz. the winding up of the affairs of a corporation, and the distribution of its assets from being supplanted, was the ground of the injunction there, which here is wanting. While in each case the object of the suit is defeated, and the dissolution is the medium of ushering in a final administration of the corporation's estate, in the Fisk Case that administration was the sole object of the suit, and was, so to speak, circumvented by the dissolution and conse-

quent administration. The pending suit has a different object,—the collection of a debt,—and is only incidentally interrupted by a suit which, like bankruptcy or insolvency proceedings, absorbs, rather than circumvents, the object of the original suit. The Fisk Case is the only case which has been cited, or which I can find, which seems to sustain the injunction. I think that case inapplicable, and that, upon the doctrines of law, independent of that case, the creditors, who are complainants, upon the ground set forth in the bill, have no more right after an attachment suit has been commenced than they had before to enjoin a dissolution. The attaching creditors, by a dissolution of a defendant corporation, may lose all priority over the other creditors, but their right in equity to enforce their claim to their ratable portion to the corporation's assets by suitable proceedings, which is all that a court of equity can recognize with reference to a dissolution of the defendant corporation, would be left to them. The injunction is therefore refused.