## DODDS v. PALMER MOUNTAIN TUNNEL CO.

(Circuit Court, E. D. Washington, E. D. March 27, 1911.)

No. 1,533.

1. RECEIVERS (§ 9*)—APPOINTMENT—JURISDICTION.

While a receiver should not be appointed in a federal court at the instance of a simple contract creditor, the absence of a judgment or other lien does not defeat the court's jurisdiction to appoint.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 15; Dec. Dig. § 9.*]

2. COURTS (§ 508*)—INJUNCTION PROCEEDINGS IN STATE COURT—COMITY.

Where a state court of competent jurisdiction had acquired jurisdiction over certain property long prior to an application to the federal court for the appointment of a receiver, any attempt by the federal court to restrain or interfere with the enforcement of the state court's judgment would be a violation of comity, and a violation of Rev. St. § 720 (U. S. Comp. St. 1901, p. 581), providing that injunction shall not be granted by any federal court to stay proceedings in any state court, except in cases

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

where such injunction may be authorized by any law relating to proceedings in bankruptcy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418-1430; Dec. Dig. § 508.*]

Action by Fabian B. Dodds against the Palmer Mountain Tunnel Company. On motion to dissolve a restraining order against the sheriff of Okanogan county restraining an execution sale under mortgage foreclosure. Granted.

A. G. Elston, for plaintiff.
F. W. Dewart, for receiver.
Skuse & Morrill, for defendant.
W. W. Tolman, for Fred Thorp, sheriff of Okanogan county.

RUDKIN, District Judge. On the 17th day of February, 1911, a receiver was appointed in this action at the suit of a simple contract creditor of the defendant, by and with its consent. On the same date a temporary restraining order was granted on the petition of the receiver, restraining the sheriff of Okanogan county from selling certain property belonging to the defendant at execution sale under a judgment of foreclosure theretofore rendered and entered in the superior court of Okanogan county. The sheriff has appeared in obedience to a show cause order, and now moves the court to dissolve the restraining order on two grounds: First, because the order appointing the receiver and the restraining order are null and void, by reason of the fact that the receiver was appointed at the suit of a simple contract creditor, and the court was therefore without jurisdiction; and, second, because the restraining order was issued in violation of section 720 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 581), which provides that:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

[1] The order appointing the receiver and the restraining order are not void for the first reason assigned, and cannot be collaterally attacked in this manner. While I am of opinion that a receiver should not be appointed in a federal court at the instance of a simple contract creditor (Morrow Shoe Mfg. Co. v. New England Shoe Co., 60 Fed. 341, 8 C. C. A. 652, 24 L. R. A. 417; Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113), nevertheless the absence of a judgment or other lien does not defeat the jurisdiction of the court (Brown v. Lake Superior Iron Co., 134 U. S. 531, 10 Sup. Ct. 604, 33 L. Ed. 1021; Hollins v. Brierfield Coal & Iron Co., supra).

[2] On the second ground, however, the motion to dissolve must be sustained. A state court of competent jurisdiction acquired jurisdiction over this property long prior to the application for the appointment of a receiver in this court and any attempt on the part of this

court to restrain or interfere with the enforcement of its judgment is a palpable violation of the above section of the Revised Statutes, and is also in violation of the rule of comity which universally obtains between courts of concurrent jurisdiction.

The matter of the allowance of costs will be determined when the order is presented for signature.