**MITCHELL v. LAY et al.***

No. 6340.

Circuit Court of Appeals, Ninth Circuit.
Feb. 24, 1930.

Rehearing Denied April 6, 1931.

*Certiorari denied 51 S. Ct. 656, 75 L. Ed. ——.

E. Forrest Mitchell, State Insurance Com'r., and Frank L. Guerena, both of San Francisco, Cal., for appellant.

Reisner & Deming, of San Francisco, Cal., for appellee Helen Lay.

Bronson, Bronson & Slaven, of San Francisco, Cal., for appellee Lumbermen's Reciprocal Ass'n.

Marshall B. Woodworth, of San Francisco, Cal., for appellee Samuel M. Shortridge, Jr.

Before RUDKIN and WILBUR, Circuit Judges, and SAWTELLE, District Judge.

WILBUR, Circuit Judge.

This action is brought on the equity side of the United States District Court for the Northern District of California by the appellee Helen Lay against the appellee Lumbermen's Reciprocal Association, a Texas corporation, and resulted in the appointment of appellee as receiver for the Lumbermen's Reciprocal Association. After appointment of a receiver the appellant was cited by him to appear in court to show cause why he should not be enjoined from further proceeding with an action in the superior court and from interference with the property of the Lumbermen's Reciprocal Association, and after a hearing upon the receiver's petition and appellant's counter motion to vacate the receivership was denied, and an injunction was issued. From these orders appellant takes this appeal. The appellees moved to dismiss the appeal, and, reserving the juris-dictional question, have also argued and submitted the appeal on the merits. In order to understand the situation presented by the appeal it will be necessary to state the facts in some detail.

The bill in equity, hereinafter referred to as the complaint, filed by appellee Helen Lay, who will hereinafter be referred to as the plaintiff, alleged as follows: That the appellee Lumbermen's Reciprocal Association, the defendant therein named, is a corporation organized under the laws of the state of Texas, conducting an insurance business within the state of California; that the defendant was insolvent, that its license to do insurance business in the state of Texas was suspended by the insurance commissioner in that state on July 23, 1930, and that its license to do business in California was suspended by the order of the insurance commissioner for the state of California, the appellant herein, on the next day, July 24, 1930. As a basis for the allegation of insolvency plaintiff alleges that the liabilities of the defendant exceeds the value of its assets by approximately $325,000, and that there are a great many outstanding claims against the defendant arising out of its policies of insurance which are unpaid and cannot be paid, for the reason that the defendant had not sufficient cash to satisfy the same. It is also alleged that the liability of the defendant consists largely of claims arising out of policies issued by the defendant in Texas, in California, and in other states; that the amount of "known valid unpaid claims now outstanding against the defendant in the State of California aggregate approximately $75,000, and that defendant is indebted to other California residents in the sum of approximately $3,000." Plaintiff alleged that the defendant has the following assets located in the state of California: Cash on hand, $7,000; accounts receivable, $60,000; securities on deposit with the insurance commissioner of the state of California, in lieu of a bond required of workmen's compensation insurance carriers by the laws of the state of California, of the approximate value of $81,000. That all said assets are located in the city and county of San Francisco, state of California, within the jurisdiction of this court; that policyholders to whom policies have been issued by the defendant are entitled to cancel their policies, and that the insolvency of the defendant will no doubt result in the cancellation of the policies and a claim for refund of unearned premiums; that it may be "rea-

sonably anticipated that as soon as the insolvency of the defendant becomes generally known a great many suits will be instituted against defendant by claimants within the State of California and elsewhere and that a great many attachments will be levied upon the property and assets of defendant within the State of California; that the expense of a proper defense of said suits will be very great, thereby further impairing the defendant's present insolvent financial condition, and that by reason of said multiplicity of actions the assets of the defendant will be largely consumed and dissipated."

It is alleged that, by reason of the facts therein stated, "it is necessary, in order to protect the said claim of plaintiff and the said claims of other creditors of the defendant residing in the State of California and within the jurisdiction of this court, that a receiver be appointed by this court to take possession of the business and assets of defendant within the jurisdiction of this court and that said assets and the business of defendant within this State and within the jurisdiction of this court be administered by such receiver under the order and direction of this court and that all creditors be enjoined from bringing any action against or levying any attachment against the property of defendant to the end that the rights of all claimants against and creditors of defendant within the jurisdiction of this court may be properly and adequately protected; that unless such receiver be appointed and such injunction issue, the assets of defendant now located in the State of California and within the jurisdiction of this court will be largely dissipated and consumed by reason of said multiplicity of actions and by reason of a withdrawal and transfer from the State of California to the State of Texas, for the purpose of payment of claims of residents of Texas and of other states, of property and funds of defendant now located within the jurisdiction of this court; that if such receiver is appointed and such injunction issue plaintiff and the other claimants against defendant residing within the jurisdiction of this court may and probably will receive substantially the full amount of their said claims, but not otherwise. *. * * That plaintiff has no adequate remedy at law and can have relief only in equity and therefore files this bill of complaint in behalf of herself and of all the creditors of defendant who may hereafter join herein."

Plaintiff prays that the court will administer all the assets of the defendant with-

in the state of California and fix the rights of the creditors of the defendant in the state of California and within the jurisdiction of the court, and that a receiver be appointed to take possession of all the assets of the defendant within the jurisdiction of the court, to collect money due defendants, to bring suits at law, reinsure all risks now insured against by defendant, to employ attorneys, and counsel and other officers, agents, and employees, to administer the assets and business of the defendant within the jurisdiction of the court; to do all acts necessary to properly administer the business and property of the defendant and the payment of claims against defendant; that the officers of the defendant be required to transfer all of its property and assets located within the state of California and within the jurisdiction of the court to the receiver, that all persons be enjoined from instituting suits or actions at law or in equity against the defendant, attaching or taking other legal processes against the property of the defendant within the jurisdiction of the court and from interfering with the possession of the receiver. The plaintiff prays for other relief which need not be specified in further detail, except to say that the court was asked to adjudicate the claims of all creditors within the jurisdiction of the court and after doing so to direct the payment of the same by the receiver out of the assets of the defendant located within the jurisdiction of the court. The complaint was verified the 29th day of July, 1930, and on that day the appellee was appointed receiver. On July 31, 1930, Wright Morrow, of Houston, Tex., was appointed receiver of the Lumbermen's Reciprocal Association in and for the state of Texas. On August 1, 1930, the appellant, in pursuance of his duties as insurance commissioner and in conformity with the law of the state of California (Stats. 1919, p. 265), began an action in the superior court of the city and county of San Francisco, state of California, to liquidate the affairs of said association and praying the court to appoint him receiver of the association, as provided by said statute of California. Thereupon, an order of the superior court was issued restraining the local agent of the association, E. J. Brockman, from disposing of the property of the association and to show cause why the appellant should not be appointed receiver. This order was served on E. J. Brockman on August 2, 1930. On August 6, 1930, the defendant association filed an answer herein admitting the allegations of the complaint

and joining in the prayer of the plaintiff praying that such decree be made in the premises as may be just and proper for the full protection of the plaintiff, the defendant, and all creditors of defendant.

Plaintiff alleges in her complaint that her husband was killed July 18, 1930, in an industrial accident while working for the Bos Construction Company, that this company was insured against the consequences of industrial accident by a policy of insurance issued by the defendant; that she filed an application for compensation on July 24; that the Industrial Accident Commission of California, in pursuance of the Workmen's Compensation Law of that state, had made an award in her favor and against the defendant insurance company for the sum of $5,000 on July 28, 1930. The plaintiff alleges that the next day, July 29, 1930, she made a demand upon the managing agent of the defendant for the state of California, E. J. Brockman, for the sum of $5,000, in conformity with the terms of the award, but alleges "that said sum has not been paid nor has any part thereof"; that at the time of making the demand she was informed by said agent that defendant was insolvent.

The Workmen's Compensation Law of California provides for the docketing of an award in the office of the clerk of the superior court, that thereupon and thereafter it has the effect of a judgment and an execution can be issued to collect the same in conformity with the usual practice in case of executions issued upon other judgments. Cal. Stats. 1917, c. 586, § 21, pp. 831, 851. No reason is alleged why the plaintiff could not have immediately docketed her judgment and caused an execution to be issued thereon. The award, however, was still subject to the control of the Industrial Accident Commission during the twenty-day period, within which the law permits an application for rehearing. Id., §§ 65, 66, pp. 874, 875. In addition to the above remedy the plaintiff had recourse to the special fund of $80,000 deposited for the benefit of those securing awards under the Workmen's Compensation Laws of California to be paid upon the order of the appellant insurance commissioner. To that extent she is a preferred creditor, as will presently appear. An act of the Legislature of the state of California for the protection of the beneficiaries of Workmen's Compensation insurance policies against the default or insolvency of insurance carriers issuing policies provides for the filing of a bond by the insurance company to secure payment to employees of the insured who secure awards for injuries, or in lieu thereof a deposit as in the case at bar. Section 11 of the act (Stat. of Cal. 1917, p. 295) provides that such deposit shall be subject to the same conditions as the bond (Stat. of Cal. 1917, c. 200, p. 292, as amended, Stat. of Cal. 1919, c. 334, p. 611). This deposit is made with the state treasurer through the insurance commissioner "as security for the payment of its obligations on said business done in this state, and said deposit shall not be withdrawn except upon the written order of the insurance commissioner in payment of compensation claims, but shall be forthwith payable by the state treasurer to the insurance commissioner upon such order; provided, that any such deposit, or any remainder thereof, may be repaid to such carrier upon satisfactory showing to the insurance commissioner that every liability to pay compensation shall have been reinsured with a solvent carrier or fully paid and discharged. Said deposit shall be used only for the payment of compensation claims so long as there shall remain unpaid any such claim or any part thereof." Section 11.

The condition of the bond which is referred to in the above provision in regard to the deposit provides, in substance, that, if the insurance carrier fails to pay an award of the Industrial Accident Commission on account of workmen's compensation within thirty days after the same becomes final, the surety will forthwith pay said award or awards to said insurance commissioner as trustee for said beneficiary. The bond further provides that, if the insurance carrier shall suspend payment or become insolvent, or a receiver shall be appointed therefor, the surety will pay said awards to the extent of its liability under the bond upon the expiration of thirty days after the same becomes final, without regard to any proceedings for the liquidation or reinstatement of said insurance carrier. It provides that the Industrial Accident Commission may make an award directly against the surety in event the award is not paid within thirty days after the same becomes final, said award to be in favor of the insurance commissioner as trustee for the beneficiary of such award, provided a copy of the judgment against the surety may be entered by the clerk of the superior court of any city or city and county of San Francisco. The bond also provides for the "payment of legal costs, including reasonable attorneys' fees, incurred in all actions or proceedings taken to enforce payment of said

bonds or payment of said awards or said judgments against said surety."

It is not necessary in this action to determine (Stat. of Cal. 1917, c. 200 supra, p. 292, § 2) whether the deposit in the office of the treasurer of the state of California is to be paid out upon the order of the insurance commissioner in the amount of, and in the order of, the awards made by the Industrial Accident Commission against said insurance company, or whether in case of liquidation the fund is to be divided pro rata between those who have suffered losses covered by such policies. It would seem clear that, before the plaintiff was justified in coming into a court of equity for the appointment of a receiver and the liquidation of the affairs of the insurance company, she should have exhausted her remedy against this special fund deposited for her benefit. Whether, upon the ground of diversity of citizenship and in default of any judicial proceeding in the state courts, a federal court of equity might enforce the rights of a nonresident to such fund or take jurisdiction thereof, is a question not involved in this case, for there is no claim that there has been any default or misconduct on the part of any one with reference to the deposit in question. The plaintiff has not attempted to secure any part of said fund by any of the methods provided by law, and therefore is not in a position to invoke the jurisdiction of a court of equity to enforce rights which she herself has not undertaken to secure according to the procedure outlined by the state law.

It appears further from the complaint that the period for a rehearing of the said award made to plaintiff had not yet expired, and that therefore the award was not final at the time the complaint was filed in the district court. Subsequently, as appears by affidavits filed on the hearing of appellee's motion for an injunction, the Industrial Accident Commission set aside the said award. Thus plaintiff is now the holder of an unliquidated claim which she is prosecuting in the proper state tribunal which has exclusive jurisdiction thereof. She cannot, under these circumstances, invoke the jurisdiction of the federal court by bringing a new action on the ground of a diversity of citizenship in support of her unliquidated claim which is pending for liquidation upon her application therefor before the state tribunal.

Appellees claim however, that the defects of the complaint are cured by the answer of the defendant corporation, admitting the award, admitting its failure to pay the same and its insolvency. It is uniformly held that consent of the defendant cures some of the deficiencies of such a complaint, such as the failure to pursue legal remedies. In re Metropolitan Railway Receivership, 208 U. S. 90, 110, 28 S. Ct. 219, 52 L. Ed. 403, citing Brown, Bonnell & Co. v. Lake Superior Iron Co., 134 U. S. 530, 10 S. Ct. 604, 33 L. Ed. 1021; Town of Mentz v. Cook, 108 N. Y. 504, 508, 15 N. E. 541; Horn v. Pere Marquette R. Co. (C. C.) 151 F. 626, 633. The answer of the defendant corporation, however, cannot change the fact that the plaintiff is prosecuting her claim for an award in the state tribunal, that the matter was pending before that tribunal at the time she commenced this action, as the award was not yet final, and that she is entitled to payment from a special fund pledged for the payment thereof and amply sufficient therefor, in the hands of the officers of the state of California, that plaintiff is not entitled to ask a court of equity to assist her to resort to the general assets of the insolvent association until she has exhausted the fund pledged for the payment of her claim, and that her appeal for the assistance of a court of equity to liquidate the affairs of the insolvent corporation in the interest of herself and other creditors is without merit because of the special security for her claim which she does not allege is insufficient to fully pay the same.

This brings us to a consideration of the nature of the order appealed from and the right to appeal therefrom. A petition was filed in this action by the receiver alleging the pendency of the above-mentioned proceeding in the state court, and praying that the appellant insurance commissioner be enjoined from further proceedings in that action and from interfering with the possession of the receiver with reference to the property of the defendant in his possession. An order to show cause was served upon the appellant. He appeared, filed an answer, and evidence was introduced on his behalf. In the meantime the proceedings in the state court were continued by the superior court pending the action of the District Court, and after the above-mentioned hearing the District Court entered the order from which this appeal was taken. The order is general in its terms in that it prohibits the insurance commissioner from prosecuting the suit he had instituted in the state court and from interfering in any way with the possession of the receiver or with any of the property of the corporation within the jurisdiction of the court. Under this order the appellees claim

the right to the possession of the fund of $80,000 now in the custody of the state treasurer as security for the claim of workmen under the Workmen's Compensation Law of California as well as all the other property "within the jurisdiction of the court." Whether or not the order can properly be given the broad construction contended for by the appellees without reference to the writ of injunction issued in pursuance thereof is a point that we need not consider. A writ of injunction was issued by the clerk of the District Court on the 3d of October, apparently in pursuance of the order of court theretofore made reciting the proceedings had in the court as aforesaid. This writ issued in the name of the court is in the form of a judgment ordering and decreeing certain things which need not be stated in detail. It is sufficient to say that the insurance commissioner is enjoined from interfering in any way with the duties of the receiver by bringing or prosecuting or maintaining any suit or suits or proceedings in any court of concurrent jurisdiction, "whose purpose or object is or will be to direct and dispossess this court of its jurisdiction over the subject matter and parties plaintiff and defendant in the above-entitled suit, or whose purpose and object it is, or will be, to dispossess or in any manner interfere with the possession of the receiver of said defendant, Lumbermen's Reciprocal Association. * * * The Insurance Commissioner * * * is enjoined from instructing, advising or informing any banks within the jurisdiction of this court, in which moneys or securities or other property of said defendant are on deposit or in possession of said banks, to refuse to pay the same over or deliver the same to the said receiver, or from interfering with any money or securities of the defendant on deposit or in the possession of any bank within the jurisdiction of this court."

The appellant insurance commissioner is also thereby directed to pay or deliver to the receiver all moneys, securities, bonds, or collateral in the possession or under the control of the insurance commissioner or other person acting under his direction belonging to the defendant. This general language, it is claimed, applies to the deposit in the custody of the state treasurer to the order of the insurance commissioner of $80,000, and it is claimed requires the state treasurer to surrender that deposit to the receiver.

█ It will be observed that this injunction prohibits the insurance commissioner from performing the duties imposed upon him by a state statute (Cal. Stat. 1919, c. 178, p. 265, as amended, Cal. Stat. 1921, c. 599, p. 1017), which provides for the liquidation of insolvent insurance companies which have been engaged in business in the state of California. The constitutionality of this state statute is not disputed. The order appealed from directs that the appellant insurance commissioner violate his official duty under such statute by turning over to the receiver of the federal court a fund that was in the custody of the state through its officers for the protection of creditors of the insolvent insurance company before this action was begun. And these orders are made notwithstanding that there is no claim that the insurance commissioner has neglected his duty, but solely on the ground that he is endeavoring to perform his duty as defined in the state statute. The mere statement of this situation is sufficient to show the impropriety of the order of the court. Dodds v. Palmer Mountain Tunnel Co. (C. C.) 188 F. 447; Rev. St. § 720 (28 USCA § 379). So far as the appellant's application for a receivership was concerned it had been begun before the insurance commissioner was cited to appear and the federal court had no right to enjoin the further prosecution of that action, Hamilton v. Walsh (C. C.) 23 F. 420, 429; Lanning v. Osborne (C. C.) 79 F. 657; City of Lee's Summit v. Jewel Tea Co. (C. C. A.) 217 F. 965; Kansas City Gas Co. v. Kansas City (D. C.) 198 F. 500; Chapman v. Brewer, 114 U. S. 158, 5 S. Ct. 799, 29 L. Ed. 83; Sargent v. Helton, 115 U. S. 348, 6 S. Ct. 78, 29 L. Ed. 412, although the trial court had a right to protect its receiver in the possession of the property of which he had already taken possession on the ground that the federal court had just acquired jurisdiction thereof.

Upon the return of the order to show cause the appellant moved for an order vacating the receivership. This application was denied, and from this order also the appeal was taken.

██ At this juncture we pause to consider appellee's motion to dismiss so far as the motion is based upon the claim that the appellant is not entitled to appeal from the order granting the injunction or from the order refusing to vacate the receivership on the ground that the appellant is not a party to the action, and that the appellant did not ask permission to intervene in the action, that therefore he is a stranger to the action and not entitled to the appeal from the orders made. It is true that the appellant is not a party to the original action, but when he was

brought into court by the process of the court at the instigation of the parties to the action or of the receiver he became a party to the ancillary proceedings and entitled to appeal from the judgment rendered against him. The judgment therein rendered was as to him final and appealable as such. Gas & Electric Securities Co. v. Manhattan, etc., Corp. (C. C. A.) 266 F. 625; see, also, O'Neil v. Welch (C. C. A.) 245 F. 261; Ward v. Foulkrod (C. C. A.) 264 F. 627.

We conclude that the order is appealable in its aspect as an injunction, and also as to the order refusing to vacate the receivership which was an essential part of the final judgment on the hearing. Of the latter aspect of the judgment or order appealed from it should be observed that the question is not the abstract one of whether or not specific provision is made in section 129 of the Judicial Code (28 USCA § 227) for an appeal from an order refusing to vacate a receivership. Ordinarily the right to appeal from the order appointing receiver which is authorized by section 129 is amply sufficient to protect the parties, and an appeal from an order refusing to vacate the receivership would be entirely unnecessary and it would tend to excuse the defendant from appealing from the order appointing a receiver which it is his duty to do if he is dissatisfied therewith, but when the question is raised by a person who is brought into the court after the receiver is appointed and who has had no opportunity and no right to appeal from the order appointing a receiver, the situation is entirely different. His first opportunity to be heard with reference to the appointment of a receiver is upon his application to have the receivership vacated. In the case at bar the order made denying his motion to vacate the receivership was a part of the judgment, final as to him, which was rendered by the trial court, and was appealable as such. As we have already pointed out, the allegations of the complaint are insufficient to justify the appointment of a receiver or the issuance of an injunction. So far as the complaint is helped out by the admissions and the consent of the defendant corporation, as we have already pointed out, such consent is insufficient to justify the district court in impounding the assets of the corporation to the exclusion of the insurance commissioner charged under the laws of the state with the duty of administering the assets of the corporation after securing his appointment as a receiver, and to the exclusion of ancillary receivers appointed by the state or district after domiciliary receivers had been appointed.

We have thus far dealt with the motion to dismiss solely on appellees' claim that the orders appealed from are not appealable. In addition thereto, appellees interpose certain procedural objections which will now be considered. After the filing of the petition for appeal and the allowance thereof, a citation was issued returnable within thirty days, as provided by the rules of this court. The citation was not served upon the appellees until after the return day. The marshal had declined to serve the citation on the ground that the return day thereof had passed, and the trial court refused to issue a new citation or extend the time for perfecting the appeal, whereupon an application was made here in open court, appellees appearing to object thereto, and the time for perfecting the appeal was extended. Thereafter citation was served upon appellees by a citizen of the United States and not by the marshal. Unless the service of citation before the return day thereof is jurisdictional, the action of this court already taken excuses the appellant from a strict compliance with the rules governing an appeal. The object of the citation is to give notice to the appellees that the appellant, whose appeal has been allowed, intends to prosecute his appeal, and, where the appellees have actual notice as they had in this case, the object of the citation has been fulfilled. Unless the appeal is taken in open court and the appellees are thereby given actual or constructive notice thereof, the service of the citation is necessary to perfect the appeal. The order allowing the appeal in this case was made in chambers, and therefore the service of the citation was necessary. The service of the citation is not jurisdictional, however, and may be dispensed with by this court if the appellees have or are given notice of the prosecution of the appeal. Berliner Gramaphone Co. v. Seaman (C. C. A.) 108 F. 714; Hunn v. Lewis (C. C. A.) 25 F.(2d) 271; Osage Oil & Ref. Co. v. Mulber Oil Co. (C. C. A.) 38 F.(2d) 396.

The motion to dismiss is denied. The orders appealed from are reversed. The court is directed to settle the accounts of the receiver and to order the receiver to turn over to the appellant all property seized under its order by the receiver as soon as the appellant has secured an appointment as receiver thereof in the action now pending in the state court.