**PEOPLE OF the STATE OF ILLINOIS ex rel. Neil F. HARTIGAN, Attorney General of Illinois, Plaintiff–Appellee,**

v.

**George PETERS, doing business as MGM Motors and George Peters, Defendant–Appellant.**

No. 88–1555.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 3, 1988.

Decided Nov. 7, 1988.

Paul E. Peldyak, Joseph N. Rathnau, Chicago, Ill., for defendant-appellant.

Margaret M. Drewko, Asst. Atty. Gen., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, POSNER, and MANION, Circuit Judges.

POSNER, Circuit Judge.

We write to clarify a recurrent issue of appellate jurisdiction. The State of Illinois brought this federal suit against George Peters, a used-car dealer, under the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 et seq., with a pendent claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill. Rev.Stat. ch. 121½, § 268. On March 3, 1987, in response to a motion by the state, the district judge (1) appointed a receiver to take control of and operate Peters' dealership and (2) issued a preliminary injunction forbidding Peters to dispose of any of the assets of the dealership (mainly cars whose odometers had, according to evidence presented by the state, been tampered with) without the receiver's authorization. Six months later Peters moved to vacate the injunction and dissolve the receivership. The judge denied the motion on February 25 of this year, and this appeal followed.

There is no question that the judge's order of February 25 was appealable insofar as it denied Peters' motion to vacate the preliminary injunction issued the previous March; the denial of a motion to vacate an injunction is expressly appealable (without regard to finality) under 28 U.S.C. § 1292(a)(1). But Peters also seeks review of the district court's refusal to dissolve the receivership, and the state objects, pointing out that while an order appointing a receiver is appealable (without regard to finality) under section 1292(a)(2), there is no express provision in that section—in contrast to subsection (a)(1)—for appealing the denial of an order to vacate the appointment.

Section 1292(a)(2) provides that "interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property," are appealable. There is little case law interpreting this poorly worded (what are "orders ... refusing orders"?) provision, although it has been on the books since 1925. *SEC v. Bartlett*, 422 F.2d 475, 477 (8th Cir.1970), allowed an appeal from an order denying a motion to vacate a receivership, but on the puzzling ground that such an "order is specifically made appealable under § 1292(a)(2)." (It is not.) *Bartlett* was followed in *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 602 (9th Cir.1978), which reasoned that an order which had the practical effect of terminating a receivership would either be a "wind up" order or a "step to accomplish the purposes" of the receivership, so the refusal to issue such an order would be appealable. The second characterization is highly artificial. Even the first is doubtful, as shown by the structure of the statute and by earlier cases not cited in either *Bartlett* or *Lincoln Thrift*.

An order appointing a receiver is expressly made appealable by 1292(a)(2). If a party is unhappy with such an order he can appeal. Or he can let the time for appeal expire and ask the appointing court to reconsider the order. (A motion for reconsideration filed within ten days would toll the time for appeal, but we can omit that refinement.) A motion to vacate the appointment is, in effect, a motion for reconsideration—and an order denying such a motion is not among the orders made appealable by section 1292(a)(2). It is not an order refusing to wind up the receivership, because to wind up a receivership "presupposes a receivership in course of administration, which because of changed circumstances ought not to be continued." *Grand Beach Co. v. Gardner*, 34 F.2d 836, 838 (6th Cir.1929) (Julian Mack, J.). That is not the nature of the order sought by Peters. He thinks the receiver should never have been appointed. Such an order is not

within the scope of section 1292(a)(2). See *id.; United States v. Chelsea Towers, Inc.*, 404 F.2d 329 (3d Cir.1968) (per curiam); 16 Wright & Miller, Federal Practice and Procedure § 3925, at pp. 96–98 (1977). We agree with the Third and Sixth Circuits: an order refusing to vacate the appointment of a receiver is not appealable under section 1292(a)(2), at least where the appeal is by a party to the proceeding; for the significance of this qualification see *Mitchell v. Lay*, 48 F.2d 79, 85 (9th Cir.1930).

▮ Nevertheless the appeal in the present case is proper upon a different ground—pendent appellate jurisdiction. When an ordinarily unappealable interlocutory order is inextricably entwined with an appealable such order, the former may be reviewed at the same time if, but only if, there are compelling reasons for not deferring the appeal of the former order to the end of the lawsuit, at which time all previous orders are appealable together with the final judgment. We emphasized the limited scope of this doctrine in *Patterson v. Portch*, 853 F.2d 1399, 1403 (7th Cir.1988); see also *Abney v. United States*, 431 U.S. 651, 663, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977); *Akerman v. Oryx Communications, Inc.*, 810 F.2d 336, 339–40 (2d Cir. 1987); *Kershner v. Mazurkiewicz*, 670 F.2d 440 (3d Cir.1982) (en banc). It is not to be used for the appeal of normally unappealable interlocutory orders that happen to be related, even closely related, to the appealable order.

▮ The present case, however, is exceptional. Cf. *United States v. Ianniello*, 824 F.2d 203, 209 (2d Cir.1987). The preliminary injunction and the order appointing the receiver are the head and tail of the same coin. The preliminary injunction froze Peters' assets; the order appointing the receiver put them in the control of another person. If this court should ultimately vacate the injunction but let the receivership stand because we have no jurisdiction to review the district court's refusal to dissolve it, Peters will have got nothing from a successful appeal of an interlocutory order made expressly appealable by section 1292(a)(2). The receiver would still control the assets, and could prevent Pe-

ters from obtaining any benefit from his victory in this court.

The motion to dismiss the appeal, insofar as the appeal attacks the district judge's denial of the motion to vacate the appointment of the receiver, is therefore DENIED.