[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

Nos. 20-12083 & 20-13144

Non-Argument Calendar

_____

BANK OF AMERICA, N.A.,

Plaintiff-Appellee,

*versus*

KEITH D. JONES,
FLORESTINE EVANS JONES,

Defendants-Appellants,

REAL PROPERTY AND IMPROVEMENTS,
located at 5115 Northside Drive, Sandy Springs, Fulton
County, Georgia 30327,

Defendant.

———————————

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-00122-TCB

———————————

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Keith Jones and Florestine Jones (the Joneses), who are represented by counsel, appeal several rulings in this civil action filed by Bank of America ("BOA") seeking declaratory and injunctive relief, indemnification, and appointment of a receiver to recover on a prior foreclosure judgment.  The Joneses contend that the district court abused its discretion by denying their motion to vacate the receiver's appointment, and that it erred in granting summary judgment to BOA on its claims for permanent injunctive relief and indemnification.  After careful review, we affirm.

## I.

The relevant facts are largely undisputed.  In 2008, the Joneses borrowed $5 million from BOA in connection with the construction of a 24,000 square foot home in northern Atlanta. The loan was secured by the property and matured in three years. In 2011, the parties modified the loan to extend it for one year, but

negotiations for a second extension in 2012 broke down.  As a result, BOA demanded full repayment and set a foreclosure sale date in November 2012.

Days before the scheduled foreclosure sale, the Joneses sued BOA in state court, alleging claims of fraudulent inducement, negligence, and bad-faith conduct.  BOA removed the complaint to federal district court and raised counterclaims, seeking in part a judgment for indebtedness owed under the loan documents.  Ultimately, the district court entered judgment in favor of BOA and against the Joneses, concluding that the Joneses had defaulted on the loan and that BOA was entitled to more than $5.7 million in principal, interest, and other fees and expenses.  We affirmed that judgment in 2014.

In the years that followed, BOA set a foreclosure sale date several times, but each sale was delayed due to bankruptcy petitions filed by the Joneses.  Eventually, the bankruptcy court permitted BOA to go forward with a foreclosure sale under the security deed in May 2017, and BOA itself was the highest bidder at $4,050,000.  After the sale, the bankruptcy court found that the most recent bankruptcy filing was in bad faith and that BOA could "exercise all of its state law rights and remedies" with respect to the property.  BOA recorded its deed to the property and then obtained a writ of possession in Georgia state court and took physical possession of the property, including its contents, in August 2018. BOA placed the Joneses' personal property in storage.

Later, the Joneses successfully moved a state court to vacate the writ of possession for lack of proper service. At that point, however, BOA was already in possession, and it has remained so since. It appears that BOA later voluntarily dismissed the dispossessory action without again obtaining a writ of possession.

In January 2020, BOA filed this diversity action to quiet title to the property and to prevent the Joneses from asserting an interest in or claims related to the property. BOA's complaint raised five counts: (1) declaratory judgment; (2) quiet title under Georgia state law; (3) appointment of a receiver; (4) preliminary and permanent injunctive relief; and (5) indemnification. As relevant here, BOA claimed that (1) the Joneses still owed them $2.3 million under the foreclosure judgment; (2) appointment of a receiver over the Joneses' personal property was necessary to collect on the remaining deficiency; (3) injunctive relief was necessary to enable the receiver to do his or her work and to protect BOA's interest; and (4) an indemnification provision in the loan-modification agreement required the Joneses to indemnify BOA for property taxes, storage costs, and fees and costs related to the eviction, plus reasonable attorney's fees.

On January 28, 2020, the district court, after a hearing, granted BOA's requests for preliminary injunctive relief and appointment of a receiver. The court preliminarily enjoined the Joneses from asserting any interest in or claim related to the property. It also appointed a receiver for the Joneses' personal property that was in BOA's possession. The court made several supporting

findings: (a) the Joneses still owed BOA $2.3 million; (b) they were unwilling to sell property to satisfy the debt and had obstructed BOA's efforts to collect; (c) they were insolvent; (d) BOA was incurring storage fees for the Joneses' personal property; (e) there was a danger of loss or damage to the personal property if a receiver was not appointed; and (f) BOA had no adequate remedy at law and would be irreparably harmed if a receiver was not appointed to protect and liquidate the personal property to satisfy BOA's judgment. Then, in a later order granting BOA a declaratory judgment and denying the Joneses' motion to dismiss, the court ordered the Joneses to show why summary judgment should not be granted on BOA's claim for permanent injunctive relief.

In April 2020, more than two months after the receiver was appointed, the Joneses filed a motion to vacate and set aside the order appointing the receiver. They asserted that a receiver was not warranted because BOA had failed to obtain a valid deficiency judgment by timely confirming its foreclosure sale, as required by O.C.G.A. § 44-14-161. Nor could BOA, in their view, recover property taxes, storage fees, and fees and costs for the eviction under the indemnification provision. In a separate filing on the issue of permanent injunctive relief, the Joneses maintained that BOA lacked a legitimate interest in the Joneses' personal property without a valid writ of possession for the real property, which it no longer had.

The district court denied the Joneses' motion to vacate on May 6, 2020. The court first found that the Joneses had failed to

file the motion, which it construed as brought under Rule 60(b), Fed. R. Civ. P., within a "reasonable time," so the "motion [wa]s due to be dismissed" on that ground alone. The court also concluded that relief was not warranted because, in its view, BOA had obtained a valid deficiency judgment under Georgia law and could recover the property taxes, storage fees, and other expenses under the indemnification provision.

In that same order, the district court also granted BOA permanent injunctive relief. Finding that the Joneses had failed to demonstrate a "genuine issue of material fact as to BOA's request for a permanent injunction," the court permanently enjoined them "from making, asserting, demanding, or otherwise claiming any rights, title, or interests in and to the Property."

The district court entered judgment on May 7, 2020, referring specifically to the claim for permanent injunctive relief, and directed the clerk to close the case. It reopened the case a few days later, though, when BOA pointed out that two matters were still unresolved: "the ongoing receivership and BOA's remaining claim for indemnification."

On June 6, 2020, the Joneses filed a notice of appeal from the May 6 order and the May 7 judgment, which was docketed in this Court as Appeal No. 20-12083. Two days later, on June 8, BOA moved for summary judgment on the indemnification claim, and the Joneses timely responded in opposition. The district court granted summary judgment to BOA on July 21, 2020, and ordered the Joneses to pay BOA an additional $860,522.52. The Joneses

filed a notice of appeal of that ruling, which was docketed in this Court as Appeal No. 20-13144.

Meanwhile, the receiver continued his work and filed a final report in December 2020. Around the same time, BOA and the receiver filed a joint motion for an order terminating the receivership and for entry of final judgment. The district court held that motion in abeyance and administratively closed the case pending the resolution of these appeals.

## II.

We first must consider our appellate jurisdiction, which we review *de novo*.[1] *Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1200 (11th Cir. 2020). BOA has moved to dismiss the appeals, arguing that the Joneses missed their chance to appeal the order appointing a receiver, that they failed to designate for appeal the grant of injunctive relief, and that the grant of summary judgment on its indemnification claim is not final because the receivership remains pending.

"As a circuit court, we generally only have jurisdiction over appeals from final decisions of the district courts." *SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1277 (11th Cir. 2021) (*en banc*) (quotation marks omitted); *see* 28 U.S.C. § 1291. A final order ordinarily is one that fully resolves all claims against all

---

[1] We also raised an issue about the district court's subject-matter jurisdiction in this case, but the court has since made findings of fact that establish the existence of diversity jurisdiction. *See* 28 U.S.C. § 1332.

parties in the proceeding, leaving nothing for the court to do but execute its judgment. *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018). By statute, we also have jurisdiction over interlocutory orders granting or denying injunctive relief, as well as "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." 28 U.S.C. § 1292(a)(1), (2).

First, and most clearly, we have jurisdiction to review the district court's grant of injunctive relief. Orders granting injunctive relief are immediately appealable under § 1292(a)(1).

We reject BOA's contention that the Joneses failed to designate that ruling for appeal in their first notice of appeal. The notice specifically designated for appeal "the Final Judgment dismissing this action rendered May 7, 2020 (Doc. 42)," which expressly referenced the permanent injunctive relief granted in the May 6 order. So even assuming no intent to appeal the injunction could be inferred from the Joneses' reference to the "Order denying the Joneses' Motion to Vacate rendered May 6, 2020 (Doc. 41)," the notice as a whole adequately shows an intent to appeal the grant of injunctive relief against them. *See Becker v. Montgomery*, 532 U.S. 757, (2001) ("[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.").

Second, the denial of the Joneses' motion to vacate the appointment of a receiver is not an immediately appealable ruling.

Although it relates to the order appointing a receiver, which is immediately appealable under § 1292(a)(2), it is not itself an order "appointing [a] receiver" or taking an action related to winding up a receivership. *See* 28 U.S.C. § 1292(a)(2); *People of State of Ill. ex rel. Hartigan v. Peters*, 861 F.2d 164, 165–66 (7th Cir. 1988) (agreeing with the Third and Sixth Circuits that "an order refusing to vacate the appointment of a receiver is not appealable under section 1292(a)(2), at least where the appeal is by a party to the proceeding"). Nor does an appeal from the denial of a motion to vacate "raise issues in the underlying judgment for review." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) (discussing Rule 60(b) motions). And to the extent the notice of appeal could be construed as seeking review of the appointment order directly, it was not timely filed within 30 days of that order. *See* Fed. R. App. P. 4(a)(1)(A). Accordingly, we lack jurisdiction to review the denial of the motion to vacate the order appointing the receiver or the underlying order itself.

Nor are we persuaded by the Joneses' contention that pendant appellate jurisdiction exists over the denial of the motion to vacate as part of our review of the grant of injunctive relief. Under the doctrine of pendant appellate jurisdiction, we may review otherwise-nonappealable matters "to the extent that they are inextricably intertwined with an appealable decision." *Spencer v. Benison*, 5 F.4th 1222, 1234 (11th Cir. 2021) (quotation marks omitted). But pendant appellate jurisdiction "should be present only under rare circumstances, and it does not exist when resolution of the

nonappealable issue is not necessary to resolve the appealable one." *Lavigne v. Herbalife, Ltd.*, 967 F.3d 1110, 1120 (11th Cir. 2020) (cleaned up).

Here, while the grant of injunctive relief may have been inextricably intertwined with the original order appointing a receiver, we cannot say the same for the denial of the Joneses' motion to vacate. As we just noted, the denial of the Joneses' motion to vacate the receivership order "does not raise issues in the underlying [order] for review." *Am. Bankers Ins.*, 198 F.3d at 1338. Plus, the Joneses do not address the court's finding that the motion to vacate was not filed within a reasonable time, which indicates that "resolving the nonappealable issue"—whether the court erred in denying the motion to vacate—"is not necessary to resolve the appealable one"—whether permanent injunctive relief should have issued. *Lavigne*, 967 F.3d at 1120. In any event, we would affirm the district court even if we had jurisdiction, for the reasons explained below.

Finally, we need not resolve the difficult question whether the grant of summary judgment on BOA's indemnification claim amounted to a final judgment in the case, notwithstanding the technically pending, though practically concluded, receivership.[2]

---

[2] Because we decline to consider the merits of the district court's grant of summary judgment on the indemnification claim, we need not first resolve whether we possess jurisdiction over that decision. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (explaining that, while federal courts may not bypass jurisdictional problems to resolve the merits of

Although the Joneses' brief asserts that the district court erred in granting summary judgment to BOA on the indemnification claim, it presents no supporting argument or authority for that issue. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) (to properly raise an issue for appeal, the appellant must do more than "raise[] it in a perfunctory manner without supporting arguments and authority"). Two sections of their brief are devoted to addressing the court's summary-judgment rulings, but their substantive arguments relate exclusively to the grant of injunctive relief. Therefore, the indemnification claim has not been properly raised for review, whether we could resolve it or not. *See id.* at 680–81 (issues not properly raised on appeal are abandoned).

## III.

After all that, we are left with one or arguably two issues to review. Neither warrants reversal.

The first issue concerns whether the district court erred in granting permanent injunctive relief. The Joneses claim that they met their burden to establish genuine issues of material fact about "outstanding questions of service and the reasonableness of attorney's fees." But as the court observed, these issues do not create a genuine issue of material fact as to BOA's ownership and possession of the property. According to undisputed facts in the record, BOA holds title to the real property free and clear of any claims by

---

a case, they have flexibility to choose among "threshold grounds for denying audience to a case on the merits").

12                    Opinion of the Court                    20-12083

the Joneses, and BOA has been in possession of the property since 2018, notwithstanding the dispute about the vacated writ of possession. Beyond the bare assertion that certain disputed factual issues exist, the Joneses do not explain how those disputes are material to the grant of injunctive relief in this case or how they undermine the district court's ruling.[3] Accordingly, we cannot say that the court erred in granting permanent injunctive relief.

Second, even assuming we have pendant appellate jurisdiction to review matters related to the appointment of the receiver, the Joneses have not shown that the district court abused its discretion. For starters, the Joneses have failed to address, and so have abandoned any challenge to, the court's denial of the motion to vacate the appointment of a receiver on the ground that it was not filed within a "reasonable time." *See Sapuppo*, 739 F.3d at 680–81 (issues not raised on appeal are abandoned). That unchallenged finding independently supports the denial of the motion to vacate.

In any event, the record contradicts the Joneses' claim that the district court failed to consider relevant factors in exercising its discretion to appoint a receiver. *See Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1292 (11th Cir. 1998) ("[A] court of appeals should review a district court's decision to appoint a

---

[3] The Joneses also assert that the district court failed to cite a legal standard when granting permanent injunctive relief. But they make no specific argument that an injunction was not warranted under the well-established factors for granting injunctive relief, nor do they suggest that the court's orders are insufficient to permit meaningful review.

receiver for an abuse of discretion."); *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326–27 (1st. Cir. 1988) (listing six factors relevant to whether a receiver should be appointed). The court was not required to explicitly discuss each and every factor that it considered, and its order shows that it made detailed findings in support of its decision to appoint a receiver, after providing the parties notice and an opportunity to be heard. In particular, the court, following a hearing, found that the Joneses owed BOA more than $2 million but were insolvent and had obstructed BOA's efforts to collect, and that BOA would be irreparably harmed if a receiver was not appointed to protect and liquidate the personal property. Besides incorrectly describing the court's statements as "vague," the Joneses make no specific objection to the court's findings or the validity of the receivership more generally. We therefore cannot say that the court abused its discretion in connection with appointing a receiver.

For these reasons, we affirm the district court.

**AFFIRMED.**